172

DOLORES LABODA AND SAM ANZALONE, Administrator of the Estate of Sam Anzalone, Jr., deceased, Claimants, *vs* STATE OF ILLINOIS, Respondent.

*Opinion filed September 22, 1961.*

*Petitions of Claimants for Rehearing denied December 15, 1961.*

SAMUEL BASS AND D. ROSSI, Attorneys for Claimants.

GRENVILLE BEARDSLEY, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

TOLSON, C. J.

The above cases were consolidated by this Court, as they both arose out of the same transaction. Both causes of action arose out of an automobile accident, which occurred on April 6, 1957. Dolores Laboda was injured as a result of a collision with an automobile driven by Sam Barranco, in which Sam Anzalone, Jr., was a passenger. Mrs. Laboda was very seriously injured, and Sam Anzalone, Jr., was so seriously injured that he expired within ten days after the accident. The facts are undisputed, and respondent introduced no witnesses.

On April 6, 1957, at about 5:00 P.M., claimant, Dolores Laboda, was driving north on Mannheim Road. This is also known as U. S. Route No. 45, and is maintained by the Highway Department of the State of Illinois. The highway consists of four lanes separated by a concrete divider.

At about the same time, Sam Barranco was driving south on Mannheim Road in the inner lane. Just prior to the accident, a car being driven in the west lane pulled

in front of the Barranco car. Mr. Barranco thereupon drove his car to the west lane, and hit a large hole in the road, which caused the car to go out of control, cross the concrete divider, and hit the Laboda car.

From a reading of the transcript, it may be assumed that the unknown driver of the car in the west lane saw the holes in the pavement, and pulled sharply in front of the Barranco car. Mr. Barranco, thereafter driving into the west lane, did not have an opportunity to see the holes in time, for almost simultaneously his car hit the holes, and went out of control when he entered the west lane.

As a result of this head-on collision, Mrs. Laboda suffered serious and permanent injuries, and Sam Anzalone, Jr., who was riding in the front seat of the Barranco car, was killed.

The State did not introduce any evidence in these cases, but from the witnesses, who testified for claimants, it is apparent that Mannheim Road is a heavily traveled highway. Donald Kagebein, a disinterested witness, stated that he traveled this road twice a day; that on March 18 a large hole developed in the west lane of travel, which grew progressively larger day by day, and by April 6 there were several holes, two to three feet wide and eight inches deep, in the traveled portion of the highway.

Claimants' exhibit No. 1, a photograph of the highway taken on the day of the accident, indicates that nearly all of the west lane of travel is chopped up with one or more holes, so that it is virtually impossible to drive in the west lane without hitting one or more of them.

The gist of the complaints is to the effect that respondent had actual or constructive notice of the dangerous condition of the road, and did not either repair

or post warning signs for the protection of the traveling public.

Respondent in its brief relies on the proposition of law that it is not an insurer of all those traveling on highways or being on property owned by the State, but is only required to keep its roads reasonably safe for ordinary travel.

At the outset, it is clear that claimants have not introduced any evidence to show that respondent had actual knowledge of the condition of the highway. For claimants to recover, it must be established from the evidence that respondent had constructive notice under the facts of these particular cases.

In the case of *Visco* vs. *State of Illinois,* 21 C.C.R. 480, this Court at page 487 stated:

"There cannot be any hard or fast rule in determining when it can be said that the State had 'constructive notice' of a dangerous condition, and each case must be decided on its own particular facts."

In the instant cases, the undisputed evidence is to the effect that a hole was discovered on or about March 18, 1957, and that said hole became larger day by day, so that on April 6, 1957, the date of the accident, a series of holes covered the entire west lane of travel.

Mannheim Road is a heavily traveled street. Yet, for a period of eighteen days the agents of the State charged with the inspection, repairing and posting of warning signs did nothing about the situation.

As to the charge of contributory negligence, the facts disclose that Mrs. Laboda was injured, through no fault of her own, by a car that crashed over a concrete divider, and struck her car head-on.

Claimant's intestate, Sam Anzalone, Jr., was likewise free from contributory negligence for, at the time of the accident, he was unable to warn Sam Barranco in

time that the west lane of travel was in a dangerous condition.

From a review of the evidence, this Court finds that respondent had constructive notice of the dangerous condition of the road, and was negligent in failing to either repair or post warning signs.

In determining the matter of damages, the Court is confronted with a problem apparently never decided before. The statutory limit for cases sounding in tort in the Court of Claims in 1957 was $7,500.00. The statutory limit for cases under the wrongful death statute in 1957 was $20,000.00.

Dolores Laboda received the sum of $20,000.00 under a covenant not to sue, and Sam Anzalone, Administrator of the Estate of Sam Anzalone, Jr., received the sum of $5,969.00 under a covenant not to sue.

The law is clear that there can be but one satisfaction for a wrong, and, where there are joint tort feasors, and one is released under a covenant not to sue, the person, who is sued, is entitled to a credit of such amount on the judgment rendered against him. (*Puck* vs. *City of Chicago*, 281 Ill. App. 6.)

This Court has considered the rule announced in the Court of Claims of the State of New York in consolidated cases, *Sagan Buss* vs. *State*, 128 N.Y. Sup. 2nd 924:

"There is only one tort or injury established by the record in the Buss claim, and he can have but *one* satisfaction, but, when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and in good conscience that the law will not permit him to recover again for the same *damages*. *But it is not easy to see how he is so affected until he has received full satisfaction, or that which the law must consider as full.*"

The doctrine would be of persuasive authority in a court of record in this State where the matter of damages was not limited by statute, but the Court of Claims

is a creature of statute, and the amount allowable in matters sounding in tort is limited by the Act.

In a recent case, *Price* vs. *Wabash R.R. Company,* 30 Ill. App. 2d 115, the court held that, where a plaintiff received a payment for a covenant not to sue, such payment may be deducted from the damages recoverable from persons, whose tort liability arises out of the same circumstances, irrespective of whether the covenantee is made a party to the suit.

The Court, therefore, concludes that it must deduct any payments made under a covenant not to sue from the statutory limits of the Court of Claims Act.

An award to Dolores Laboda is, therefore, denied, as the amount of $20,000.00, paid to her under a covenant not to sue, exceeds the jurisdictional limits of $7,500.00 in force in 1957.

An award is made to Sam Anzalone, Administrator of Estate of Sam Anzalone, Jr., in the amount of $1,531.00, the said amount being the difference between the sum of $5,969.00 paid under a covenant not to sue and the statutory limit of $7,500.00 in force in 1957.

## OPINION ON REHEARING

PER CURIAM:

Claimants in the above entitled cause filed their petitions for rehearing, and allege that the Court misapprehended their contentions with reference to the effect of a covenant not to sue.

The Court found in its opinion that it was governed by the statutory limits in cases sounding in tort, and that, according to the decisions of our courts, we were obliged to set off against such limits any sums paid under a covenant not to sue.

The Court recognized that claimants were faultless on their parts, and that their damages exceeded the

amounts received under their respective covenants. However, this Court is unable to make an award in excess of the amount authorized by the statute.

The petitions of claimants for rehearing is, therefore, denied.