PER CURIAM.

(No. 5932

KENTON L. POWERS, Guardian of the Estate of LARRY ALLEN POWERS, a Minor, and KENTON L. POWERS, Individually, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1972.*

MAYNARD AND BRASSFIELD, Attorney for Claimants.

WILLIAM J. SCOTT, Attorney General; EDWARD L. S. ARKEMA, JR., Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant, Larry Allen Powers, a minor, by Mary Ann Powers, his mother and next friend, and Kenton L. Powers, Individually, and as guardian of the estate of Larry Allen Powers, a minor brought suit against the State of Illinois for

injuries arising out of an accident on the 20th day of February, 1969.

The claimant, a minor, was a passenger in a car driven by one Larry S. Telander.

The car in which the claimant was riding was being operated in a westerly direction on a road called Blackhawk Road in the County of Winnebago and State of Illinois.

This car was involved in an accident with another car driven by one Carol Hollenbaugh.

Claimant's contention is that the road was slippery and icy and was exceedingly dangerous to drive on.

Claimant received very severe injuries and as a result of said injuries has become a quadriplegic.

A great deal of money has been spent upon him for medical care, hospitalization, etc. and said claimant is still under medical care and spending rather large sums for his continued care and treatment.

Claimant filed suit in the Circuit Court of Winnebago County against Larry S. Telander and Carol Hollenbaugh. A settlement was made in the amount of $46,500.00 and a covenant not to sue was issued by Kenton L. Powers, individually, and as guardian of the estate of Larry Allen Powers, a minor, and a stipulation was entered into.

The State of Illinois has made a motion for summary judgment against the claimant. The basis for this motion is that they advanced the theory that the claimant, in a case such as this, is entitled to one satisfaction and the Court must deduct from the statutory limit the amount received under the covenant not to sue. In this case, the maximum amount recoverable is the sum of $25,000.00, and as the recovery already made greatly exceeds said $25,000.00, the

State's theory is that the claimant is not entitled to any further recovery.

In support of the State's motion, they cite the case of *The Estate of Sam Anzalone* vs. *State of Illinois*, 24 C.C.R. 172 (1961). In that case, the claimant received $20,000.00 from a joint tortfeasor and the statutory limit in the Court of Claims is $7,500.00. The Court, therefore, denied recovery to the claimant.

The State also cited the case of *Williams* vs. *State of Illinois*, 25 C.C.R. 249 (1965). In that case, the Court held that the claimant was entitled to only one satisfaction and any amount received in exchange for a covenant not to sue must be deducted from the specified statutory limit.

Claimant contends that any set-off should be against total damages and not the statutory limit and that there is a difference between total damages and the statutory limitation. He further argues in the present case that the amount set forth in the covenant not to sue is not the total damages that could be recoverable for the injuries sustained by the claimant, who was badly injured.

It is our opinion that the statutory limits as fixed by the legislature in the amount of $25,000.00 determines the amount that can be allowed in cases such as the one at bar and, therefore, the motion for summary judgment is granted.