148

DIANA C. HARRIS, Individually and as Executor of the Estate of Chester W. Harris, Deceased, Claimant, *v.* THE STATE OF ILLINOIS and CENTRAL ENGINEERING COMPANY, Respondents.

*Opinion filed January 28, 1980.*

HOLDERMAN, J.

This matter comes before the Court upon Respondent's motion to strike and dismiss, Respondent's motion for summary judgment, Claimant's response to Respondent's motion to strike and dismiss, and motion by Claimant for continuance.

This claim was filed as a result of an accident that occurred on January 13, 1976, in which the decedent, Chester W. Harris, died on January 19, 1976.

Suit was brought by the Claimant, individually and as executor of the estate of Chester W. Harris, deceased, in which she alleged that she, as widow, and her three minor children, have been deprived of the services, comfort, protection, society and support of their husband and father, and request damages in the amount of $500,000.00.

Certain third party suits were started by Claimant and as a result certain covenants not to sue in regard to this matter in the amount of $105,711.00 were executed.

It is Claimant's contention that the $100,000.00 statutory limitation claimed by the Respondent is not a limitation on the entire amount but a limitation only upon what any one individual can receive and, therefore,

in this case the widow and each of her three children should be entitled to a maximum amount of $100,000.00.

Respondent, in its motion for summary judgment, cites Ill. Rev. Stat., ch. 37, par. 439.8(d) which states that "an award for damages in a case sounding in tort shall not exceed the sum of $100,000.00 to or for the benefit of any claimant." Respondent also calls attention to Ill. Rev. Stat., ch. 37, par. 439.11 which states that the State of Illinois shall be allowed "all just credits" to be deducted from any amount recoverable against the State.

Respondent's motion further states that Claimant has already received more than the limitation fixed by statute and, therefore, the case against the State of Illinois should be dismissed.

The Court of Claims has held that a Claimant is entitled to but one satisfaction, and the Court must deduct from the statutory limit any amount received under a covenant not to sue. See *Dolores LaBoda and Sam Anzalone, Administrator of the Estate of Sam Anzalone, Jr., deceased v. State*, 24 Ill. Ct. Cl. 172, and where the amount already paid or covenanted exceeds the statutory limit, the claim will be denied. See *LaBoda et al. v. State, supra, Marin v. State*, 22 Ill. Ct. Cl. 179, and *Flisk v. State*, 21 Ill. Ct. Cl. 363.

This Court also held in the case of *Powers et al. v. State*, 28 Ill. Ct. Cl. 130, that where a party has received more than the maximum amount recoverable by statute and has executed a covenant not to sue regarding that amount received, that the State's motion for summary judgment will be granted.

Motion for summary judgment is granted and this cause is dismissed.