(No. 83-CC-0021— )

JAMES E. DAWSON, SR., plenary guardian of the estate of James E. Dawson, Jr., a disabled person, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed May 11, 1983.*

ELLIS E. REID, for Claimant.

NEIL F. HARTIGAN, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon Respondent's motion to dismiss filed March 7, 1983.

Claimant seeks recovery for personal injuries sustained by him as a result of a July 3, 1980, automobile accident involving two other cars on the Kennedy Expressway. There are some attachments to the complaint showing Claimant has already received $100,000 in ex-

change for a covenant not to sue the driver of one of the other vehicles.

Respondent moves to dismiss this claim on the basis of the set-off provision of the Court of Claims Act (Ill. Rev. Stat. 1981, ch., 37, par. 439.24—6). It is asserted that the recovery of $100,000 from another party in return for a covenant not to sue completely sets off any possible recovery in this case, since the maximum award could be only $100,000.

This issue has arisen many times in the past, and the Court has uniformly held that if amounts received from other sources by a Claimant for the same incident are equal to, or exceed, the maximum tort award available here, the set-off provision prevents the recovery of any further amounts, regardless of whether or not Claimant's damages exceed the statutory limit on recovery. (*Estate of Anzalone v. State* (1961), 24 Ill. Ct. Cl. 172; *Williams v. State* (1965), 25 Ill. Ct. Cl. 249; *Estate of Powers v. State* (1972), 28 Ill. Ct. Cl. 130.) There are no facts before us in the instant claim which provide any basis for a departure from, or reversal of, this line of decisions.

It is hereby ordered that the Respondent's motion to dismiss be, and the same is, granted, and this cause is dismissed.