(No. 74-CC-0619—)

PAUL BARGAS and THOMAS ZBORALSKI, Claimants, *v.* STATE OF ILLINOIS, Respondent.

*Order filed January 7, 1976.*

This is one of several actions pending in the Court of Claims wherein inmates of Illinois penal institutions are seeking compensation for items of personal property allegedly lost from their cells. In each such action the Claimant alleges that he possessed certain items of personal property of minimal extrinsic value which he kept in a cell at a penal institution maintained and operated by Respondent. They further allege that the property was taken from their cells while they were elsewhere in the prison, and that the proximate cause of the loss was the failure of the Respondent to safeguard their property. [1]

---

[1] This factual situation is to be distinguished from that found in *Doubling v. State of Illinois, 32 Ill.Ct.Cl. 1,* wherein an inmate alleged that his personal property was taken from him by prison authorities during his transfer to another institution, and never returned to him.

Respondent has moved to dismiss this action on the ground that the complaint fails to state a cause of action upon which relief can be granted. More specifically, it is Respondent's contention that the State does

not owe a duty to inmates of its penal institutions to safeguard their personal property.

We have previously held that inmates of Illinois penal institutions who possess valid causes of action are not foreclosed from bringing suit in the Court of Claims. *Moore v. State of Illinois, 21 Ill.Ct.Cl. 282 (1951)*. The issue which is presented here is whether a cause of action lies against the State where personal property disappears from the cell of an inmate of a penal institution.

Claimants do not contend that agents of Respondent took their property, or acquiesced in its disappearance. Rather, Claimants assert that Respondent should have taken steps to safeguard their property from pilferage by other inmates. Claimants therefore seek to charge Respondent with responsibility for the independent criminal acts of other inmates.

We can find no basis for imposing such a burden upon the State. The State if not an insurer of an inmate's property, and cannot be responsible where other inmates engage in criminal acts directed at that property. Nor can the State in the exercise of reasonable care be expected to prevent isolated acts of pilferage in the environment of a penal institution.

Our conclusion is buttressed by the "Local Government and Governmental Employees Tort Immunity Act," Ill. Rev. Stat. Ch. 35, Sec. 1-101, et. seq., which provides, in pertinent part:

> "Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility or if such facility is provided, for failure to provide sufficient equipment, personnel or facilities therein." [§4-103]

The legislative purpose of this statute is clear: the treasuries of public entities are not to be opened to

inmates of penal institutions claiming that they were not afforded adequate facilities or supervision. We are cognizant that the State is not specifically named in this statute, and that Claimants do not directly claim that they were afforded inadequate facilities. However we believe that this statute, directed at an analagous situation, clearly expresses a legislative intention inimical to Claimants' position.

The Court does not deprecate the value to Claimants of their allegedly lost property, but the State of Illinois cannot be held liable for the willful acts of unknown persons which result in pilferage from penal institutions.

The Court has been advised that our prison authorities have a sympathetic understanding of the problem which gave rise to this claim, and that efforts are being made to provide an administrative remedy for all claims of this nature. The Court looks with favor on such efforts, but they are not a factor in our conclusion as to the state's legal liability in this claim.

It is hereby ordered that the Respondent's motion to dismiss this action must be and is hereby granted. This claim is dismissed.

It is further ordered that an identical order of dismissal be entered in each cause pending in the Court of Claims wherein an inmate of a penal institution seeks compensation for property allegedly lost from his cell.