(No. 76-CC-3055—)

RONNIE JARRETT, Claimant, v. STATE OF ILLINOIS, Respondent.

*Opinion filed September 13, 1979.*

HOLDERMAN, J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain

items of personal property of which he was allegedly possessed while incarcerated.

Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State of Illinois is liable as a bailee for the return of that property.

This Court has held in *Doubling v. State* decided January 7, 1976, that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property, as during the course of the transfer of an inmate between penal institutions, or when the institution receipts for property.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." *Chesterfield Sewer and Water, Inc. v. Citizens Insurance Company of New Jersey*, 57 Ill. App. 2d 90 207 NE2d 84.

In *Chesterfield*, the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So. 2d 172, at 174*, as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss of damage to bail property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The affect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with

the evidence. *Bell v. State of Illinois, Bargas v. State and Romero v. State of Illinois.*

In the present case, Claimant was the owner and possessor of a stereo headphone set valued at $35.00 and a clock radio valued at $46.43, which he had acquired from the prison commissary at Menard, where he was incarcerated. On the date in question, the Claimant was a member of a vocational training program at Menard Correctional Center. Claimant testified that due to a rash of thefts in his cell block, he asked the guard on duty as he left for class in the morning to place his cell on "deadlock." The testimony showed that once a cell was placed on deadlock, it cannot be opened except by a correctional officer.

When Claimant returned from class, he discovered his radio and stereo headphones missing. The property was never recovered.

In the case at bar, there is no evidence tending to show that the responsibility for the theft rests with the Respondent. There is no proof that the property came into possession of the Respondent. The proof is to the contrary. Claimant asks this Court to assume that the Respondent is liable on the theory that the personal property stolen could not have been removed from the cell unless a correctional officer had opened the cell. This is mere conjecture and speculation and may not act to shift the burden to the Respondent of proceeding with proof of due care upon the loss of Claimant's property.

Claim denied.