(No. 80-CC-0116-

FRANK J. DUNGLEMAN, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 6, 1980.*

FRANK J. DUNGLEMAN, *pro se*, for Claimant.

ROE, C. J.

This claim was filed by a prisoner at Pontiac Correctional Center for the value of a watch which disappeared from his cell. Claimant had requested the officer in charge to put his cell on "deadlock" while he was performing his ordinary duties in the yard. The only evidence which tended to show that the cell was in fact placed on deadlock was the hearsay upon hearsay testimony of Claimant's witness, the officer to whom the incident was reported: "The resident asked the officer * * * and he said he did place the cell on deadlock." Upon returning to his cell, Claimant discovered that it was off deadlock and immediately reported it to an officer who confirmed that it was off deadlock. The watch was missing at this time. A shakedown was then conducted but the watch was not found. It should be noted that a cell on deadlock cannot be opened except by key and will remain closed when other cells may be opened all at once.

If the State has a duty to safeguard the property of inmates or if the State at least has a duty to deadlock a prisoner's cell upon request, Claimant attempted to have this done by following proper procedures. This appears to be an issue of first impression in this Court. We are reluctant to interfere with what may fall within the realm of discretionary duties of prison administration. Neither party has cited any cases or made arguments on the point.

While we make no holding as to what the duty of the State is under circumstances as are involved here we do find that, assuming arguendo that the State had some duty, Claimant has failed to convince us that a breach of some duty proximately caused the loss complained of. It is entirely possible to infer from the sparse evidence that

Claimant's cellmate requested that the cell be taken off deadlock, assuming it was so locked in the first place. It is also possible that another prisoner was able to steal the watch by reaching through the bars. A number of other explanations for its disappearance can be imagined.

Based on the evidence before us we feel that this claim should be, and hereby is, denied.