(No. 81-CC-0563— )

LARRY BLOUNT, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed August 4, 1982.*

LARRY BLOUNT, *pro se,* for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER,
Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This cause coming on to be heard on the motion of
Respondent to dismiss, it appearing that due notice has
been given, and the Court being fully advised in the
premises;

This is a claim by an inmate of a State correctional
facility for compensation for lost property. The basis of
the Respondent's motion is that the Claimant failed to
allege sufficient facts to impute negligence or breach of
duty by the State. We have traditionally not required
incarcerated persons to strictly comply with all the intri-
cacies of pleading in these types of cases but tend to
examine the complaint to see if it conveys an understand-

able account of the circumstances constituting what the claimant believes to be a cause of action. If it is so lacking as to not meet this lesser standard we dismiss the complaint with leave to plead over.

In the case at bar the complaint alleges the following facts. On January 30, 1980, at approximately 4:30 a.m., the Claimant was released from his cell by an officer using a key, for the purpose of reporting to the kitchen for work detail. Upon leaving, his cell was double-locked by the officer. Upon returning from work detail, he and the officer escorting him discovered that his cell had been taken off deadlock status and that certain items of personal property were missing.

The Claimant further alleged that in order for someone to enter his cell it would be necessary for the door to be removed from double-lock status and that the only persons having access to keys are correctional officials. He stated that the loss occurred by reason of the Respondent's negligence and that he had exhausted all administrative avenues of relief to no avail.

As required by the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 1 *et seq.*), Respondent specifically pointed out the alleged defect in the complaint. Respondent argues that the above facts do not constitute a cause of action against the State because there was no allegation that the State or its agents ever came into exclusive possession of the property and that, as a matter of law, the State is not liable absent a showing of exclusive possession. (*Doubling v. State* (1976), 32 Ill. Ct. Cl. 1.) Respondent also filed a departmental report compiled by the warden at Pontiac Correctional Center where Claimant is incarcerated, apparently for the purpose of showing that, as a matter of fact, the missing personalty was not in the exclusive possession of the Respondent.

The departmental report does not indicate that Respondent did not come into exclusive possession of the property but corroborates the facts alleged by the Claimant. Additional facts were contained in the incident report which was part of the departmental report. The incident report, compiled and signed by a correctional officer and also signed by two reviewing employees and the chief administrative officer, reads in part as follows:

"On this date and time (January 30, 1980, 11:30 a.m.) I went to let . . . (the Claimant) . . . in his cell . . . . When I went to open the door both resident Blount and myself noticed the cell was off deadlock. Resident Blount's cell was on deadlock all morning as he was working and he has no cellmate. C.O.T. Jordan showered the kitchen workers before taking them to work. I was at lunch during this period and resident Blount's cell was definitely on deadlock before I left because I make sure all empty cells are on deadlock at all times, unless the residents in the cell instruct me not to put their cell on deadlock before they leave."

A search of the cellhouse failed to turn up the property. The officer in charge has denied taking the cell off deadlock.

*Doubling v. State, supra*, cited by Respondent, held only that the Claimant therein stated a cause of action by alleging sufficient facts which, if proven, constituted a bailment. In that case it was alleged that property was delivered to an agent of the Respondent, that it was not returned to the Claimant, and the Respondent did not use reasonable care to insure its return. The Court, by Chief Justice Perlin, distinguished the situation in *Doubling* from that in *Bargas v. State* (1976), 32 Ill. Ct. Cl. 99, by stating that *Bargas* held that the State does not owe a duty to inmates of its penal institutions to safeguard property which they keep in their cells from pilferage by other inmates. In effect, the only type of cause of action Respondent would have us recognize in cases where inmates have lost property while incarcerated would be the bailment situation.

*Doubling* and *Bargas* are not so limiting. In *Bargas*,

*supra*, at 100, the Court specifically noted that the Claimants in that case did not "contend that agents of the Respondent took their property, *or acquiesced in its disappearance*." (Emphasis added.) It was a case where the Claimants sought to charge the State with the broad responsibility of preventing acts of pilferage by other inmates. The Court stated:

"We can find no basis for imposing such a burden on the State. The State is not an insurer of an inmate's property and cannot be responsible where other inmates engage in criminal acts directed at that property. Nor can the State in the exercise of reasonable care be expected to prevent isolated acts of pilferage in the environment of a penal institution." *Bargas, supra,* at 100.

Since those two cases were decided, we have consistently followed those holdings in our decisions. However, cumulative precedential effect of those decisions is not to be interpreted to mean that, unless a bailment relationship is alleged or established by the evidence, the loss of an inmate's property is not compensable. In most of those loss-of-property cases where recovery has been denied, a bailment relationship was not established, or if established, the Respondent met its burden of showing freedom from negligence. In those cases where a bailment was not established, negligence of the Respondent was either not properly alleged or not proven. Often the burden of proving negligence of the Respondent by the preponderance of the evidence was not met by the Claimant due to issues of fact, duty, and causation, especially where more than one inmate resided in the same cell.

Also, we have expressed reluctance to interfere with the internal procedures and management of the prisons. We do feel that judicial restraint on the part of the Court of Claims must be exercised in this area so as not to hamper effective prison management. We still concur with the statements expressed by the Court in *Bargas*, quoted above. However, we note with concern an in-

crease in the number of complaints filed setting forth facts similar to those alleged or evidenced in the case at bar.

In a properly pleaded and proven case the State can be held liable for the loss of an inmate's property notwithstanding the existence or nonexistence of a bailment relationship. To hold otherwise would be to condone irresponsibility and/or complicity on the part of prison authorities. In the case at bar it was not alleged that another inmate stole the missing property.

With respect to this case we find that the Claimant has failed to state a cause of action. The complaint is lacking in that it fails to allege what the duty of the State was.

It is hereby ordered that this case be, and hereby is, dismissed with leave to file an amended complaint within 30 days of the date of this order.