(No. 83-CC-1570—

JAMES LEO EDWARDS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 8, 1986.*

JAMES LEO EDWARDS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (G. MICHAEL TAYLOR, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this matter was an inmate at the Pontiac Correctional Center. He did not have a cellmate.

On July 24, 1981, Claimant was attending certain classes at the institution, and while he was in class, he was informed that other residents of the institution were in his cell. He immediately notified the officer in charge of the group he was with and upon returning to his cell, he found that the items listed in his complaint were missing.

It appears from the evidence that Claimant had permits for an AM-FM radio; eight-track Panasonic; Norelco razor; and a 12-inch black and white Panasonic TV. He also had cosmetics and cigarettes, food items, etc.

It is Claimant's contention that Respondent was negligent in not keeping his cell locked when he was absent and by allowing other inmates in his cell to take possession of his property.

Claimant has also filed suit in Federal court, the results of which do not appear in the Court of Claims' files.

This Court, in *Bargas v. State* (1976), 32 Ill. Ct. Cl. 99, has laid down the rule that there is no general duty on the part of the State of Illinois to safeguard an inmate's property from theft by other inmates when that property is in the inmate's cell. In that case, Claimant raises the point that the State should have taken steps to safeguard his property from theft by other inmates and seeks to charge Respondent with responsibility for the independent criminal acts of other inmates. The Court stated "We can find no basis for imposing such a burden upon the State. The State is not an insurer of an inmate's property, and cannot be responsible where other inmates engage in criminal acts directed at that property. Nor can the State in the exercise of reasonable

care be expected to prevent isolated acts of pilferage in the environment of a penal institution."

Award denied. Case dismissed.