(No. 85-CC-2270-)

EUGENE WALKER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 31, 1986.*

EUGENE WALKER, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN BUCK-LEY, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant, Eugene Walker, a resident of Stateville Correctional Center, filed a claim for loss of property stolen from his cell in the amount of $58.06. It is the opinion of the commissioner, which the Court thinks is correct, that this case should be distinguished from those cases in which the Court has held that recovery for property can be had only when the State had taken actual physical possession of the property of an inmate.

Claimant was a resident of cell 525, unit B west,

Stateville Correctional Center on November 15, 1984. At that time, Claimant did not have a cellmate, so no one other than an officer was authorized to enter his cell in his absence.

In Claimant's cell house, each cell has two locks which can be opened only by guards with keys. One lock is a deadlock which is both locked and unlocked by key and the other lock is unlocked by key but locks automatically when the door is closed.

On the day in question, at approximately 5:30 a.m., Claimant was let out of his cell to go to work in the tailor shop. On leaving the cell, he closed it and heard it lock. Claimant returned from work in the afternoon and found that his cell had been searched. Certain State-issued items had been taken by the officers. He also found a mirror was gone and his electric razor and a new bar of soap had been taken from a medicine cabinet in the rear of his cell. The medicine cabinet was not within the reach of passersby reaching their arms between the bars.

The cells on the gallery had been shaken down by Lieutenant Jimmerson and Captain Tibble, who were looking for sheets.

Claimant immediately notified Lieutenant Jimmerson that his cell had been robbed. Claimant stated that Lieutenant Jimmerson told him, "He didn't want to hear nothing about no razor coming up missing or some other stuff" and that "He said he didn't want to hear nothing about it."

Claimant then went to Captain Tibble's office. He testified Captain Tibble told him that he was in the cells searching them for extra sheets and he may or may not have locked the door after he stepped out of the cell.

The institution did not search for the items nor have they ever been found or returned.

When Claimant left his cell, it was locked and his property was in its accustomed place. Captain Tibble unlocked the cell to make a shakedown inspection. When Claimant returned in the afternoon, his property was missing.

The items missing were Claimant's razor, soap and mirror.

Claimant testified that Captain Tibble told him that he may or may not have locked the door after he stepped out of the cell. During the day, there is a lot of traffic in the gallery. Respondent could clearly anticipate that property could be stolen from an inmate's cell in the absence of the inmate if an officer would unlock the cell and then let it remain unlocked. The razor could not have been stolen by someone reaching his hand through the bars. It was in a medicine cabinet at the far end of the cell. Only guards have keys to the cells, and Claimant testified the cell was locked when he left in the morning.

The doctrine of *res ipsa loquitur* would seem to be applicable in this case. The cell doors are under the control of the guards and the loss could not have occurred if a guard had not unlocked the door and let it remain unlocked.

The only defense offered by the State was the denial that Captain Tibble made the statement testified to by Claimant.

It is the Court's opinion that Claimant has made a clear, unrebutted *prima facie* case of negligence on the part of Respondent.

An award in the amount of $58.06, which was the amount Claimant alleged was the cost of the articles stolen, is hereby made to Claimant.