(No. 85-CC-2452—)

GEORGE HAYNES III, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 4, 1986.*

GEORGE HAYNES III, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (MICHAEL TAYLOR, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

Claimant, an inmate of an Illinois penal institution, has brought this action seeking compensation for the value of two gold neck chains, a medallion and one pair of boots. Claimant's complaint alleges that, at the time of his transfer from segregation to orientation on May 29, 1984, his property was taken into the exclusive possession or control of an unknown officer, agent or employee of the Respondent and the Claimant's demands to have his property returned have been refused.

As a preliminary matter, it must be noted that this cause was originally assigned to Commissioner Simpson on May 13, 1985, and was later assigned to Commissioner Rath. On June 26, 1985, Respondent filed a motion for general continuance while this file was pending before Commissioner Simpson, alleging that the Claimant failed to appear before the Administrative Review Board (ARB) and had not exhausted his administrative remedies. Attached to the motion was a copy of a letter from Mark A. Varner of the Illinois Department of Corrections to the Honorable Neil Hartigan dated June 7, 1985, purporting to set forth that the Claimant was scheduled to appear before the ARB on

February 20, 1985, but "refused" to go before the ARB to be heard.

Apparently as a result of that motion and letter attached thereto, Commissioner Simpson entered an order continuing the cause, which was filed August 8, 1985, reciting that "at this point there is no way for the Commissioner to determine the truth" of whether the Claimant had refused to appear before the ARB or not. Commissioner Simpson ordered that the cause be continued to November 10, 1985, in order that Claimant could obtain a hearing before the ARB and that the Claimant should notify the Court of the status of the ARB hearing on or before November 10, 1985. On August 19, 1985, this cause was referred to Commissioner Rath and was set for hearing December 2, 1985.

At the hearing, Respondent objected to proceeding with the hearing on the ground that Claimant had not exhausted his administrative remedies. Due to the fact that Claimant was present and had been placed under oath, the Commissioner interrogated the Claimant as to the allegation in Mr. Varner's letter, upon which Commissioner Simpson apparently relies, that he had "refused" to appear before the ARB. Claimant denied any refusal to appear before the ARB and affirmatively stated that at no time had he received a pass to appear before the ARB and that, of course, he did not have freedom of movement within the institution so that he could at his whim go from place to place in response to administrative hearing settings or for any other purpose within the institution. Respondent acknowledged that Mark Varner, the author of the letter upon which Commissioner Simpson apparently relied, did not have personal knowledge of whether or not the Claimant had been given the opportunity to appear before the ARB. Further, Respondent acknowledged that, in fact,

Claimant had filed a grievance and had attempted to pursue administrative remedies.

In Respondent's brief, Respondent persists in arguing that Varner's letter, in and of itself and standing alone, is sufficient cause to deny Claimant a hearing in this case. We do not agree. Varner's letter, admitted by Respondent to be based on hearsay, that Claimant "refused" to attend an ARB hearing when weighed in the face of Claimant's direct and uncontradicted testimony that he filed his claim and was never given a pass to attend the hearing, or any hearing thereon, does not deprive Claimant of his right to be heard.

Therefore, Respondent's objection to the hearing and motion for dismissal for want of prosecution is denied.

On the merits of this cause, Claimant testified that on May 29, 1984, Claimant was transferred out of the segregation unit to the orientation unit as a result of a shakedown. The property Claimant grieves as lost was in his cell at the time. When Claimant's property was brought to him in a "garbage bag" it was not accompanied by an inventory slip, sealed in any proper transfer container, and both gold chains, medallions and combat boots were missing. Claimant went into some detail attempting to show that procedures prescribed by administrative regulations regarding the transfer of inmates' property were not followed by Respondent.

Claimant contends that he wore his chains into the institution, and he was not required to have personal property permits for the chains. Claimant testified that his chains were worth $260 and $340 but stated "that's a rough guess." They had been acquired for him by his mother for his 21st birthday.

In *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1, this Court held that where a bailment is shown to have existed, Respondent may be liable for the value of the Claimant's property. In *Bargas v. State*, 32 Ill. Ct. Cl. 99, it was held that the State does not owe a duty to its inmates of penal institutions to safeguard their property, which they may keep in their cells, from pilferage by other inmates. In *Blount v. State*, 35 Ill. Ct. Cl. 790, this Court held that the cumulative precedential effect of *Doubling* and *Bargas, supra,* is not to be interpreted to mean that unless a bailment relationship is alleged or established by the evidence, the loss of an inmate's property is never compensable. In *Blount,* this Court stated that if properly pleaded and proven, the State can be held liable for the loss of an inmate's property notwithstanding the existence or nonexistence of a bailment relationship. This Court stated that, "to hold otherwise would be to condone irresponsibility and/or complicity on the part of the prison authorities."

In this case, Claimant alleges that, at the time of his transfer, an unknown officer, agent or employee of the State took exclusive possession and control of Claimant's property, and further, that Claimant had been informed by Respondent that his property was missing and could not be returned to Claimant. There is no evidence which would tend to prove the allegations of the complaint. Claimant did not proceed against Respondent on the basis of negligence but chose to proceed on the basis of bailment.

No proof of a bailment was offered.

It is therefore ordered that this claim is dismissed, with prejudice.