(No. 86-CC-2799– )

JAMES BYRD, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 19, 1988.*

JAMES BYRD, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (KIMBERLY L. DAHLEN, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

Claimant seeks $100.63 in lost property which he claims was stolen from his prison cell on August 17, 1985, through the negligence of the State. The cause was tried before the Commissioner on November 5, 1987. The evidence consists of the transcript of testimony, the departmental report, and Claimant's Exhibits 1, 2 and 3. Both parties have filed briefs.

On August 17, 1985, Claimant, James Byrd, was a prisoner at Pontiac Correctional Center serving a total sentence of 18 years for robbery. About 8:00 a.m., Claimant left his cell to go to breakfast and then out to the yard. At about 11:00 a.m., he returned to his cell and found it open. He never leaves his cell door open; he always leaves it locked, and he had no cellmate. He made an immediate complaint to an officer on the

gallery and gave a statement to the sergeant as to the property missing from his cell.

Claimant was missing an am/fm tape player he purchased on October 10, 1984, for $59.26, a TV converter he purchased on January 16, 1985, for $26.37, $15 worth of coupons, and some jeans. Claimant exhibited proof of his ownership and cost of the tape player, converter and coupons through his Exhibits 2 and 3.

After the theft, Claimant spoke to Officer Jennings. Officer Jennings wrote "It is a possibility I opened Byrd's cell 431 WCH because I don't work that gallery but once every so often," on Claimant's Exhibit 1.

Claimant admitted his cell was not deadlocked when he left and he had not asked the officer to deadlock the cell. He did not see his cell door opened but believed that officers were opening cell doors to allow inmates to shower. This had happened in the past when inmates weren't in the cells. He further believes his property was taken by other inmates and he was not accusing the officers of taking his property.

This is not a bailment or constructive bailment case. This is not a case where the Respondent took exclusive control and possession of Claimant's property. (*Doubling v. State* (1976), 32 Ill. Ct. Cl. 1.) There was no duty on the State to exercise reasonable care in returning Claimant's property since the State did not take actual physical possession of the property. (*Owens v. State* (1985), 38 Ill. Ct. Cl. 150.) If Claimant is to recover, it must be based on a theory of negligence by the State in failing to relock the cell if, in fact, the State failed to lock the cell and not that Claimant just failed to lock his own cell. Claimant's reliance is in the theories espoused by the Court of Claims in *Blount v. State* (1982), 35 Ill. Ct.

Cl. 790, and *Walker v. State* (1986), 38 Ill. Ct. Cl. 286. These two cases and particularly *Walker* indicate that an inmate can recover for lost property where very specific evidence is presented by the Claimant that he had no cellmate, that the stolen property was outside the reach of passersby, that the cell door was locked when Claimant left the cell, that there was a lot of traffic in the gallery, and that Respondent was in complete control of the cell doors. Under these circumstances, the Respondent can clearly anticipate that property can be stolen from an inmate's cell in the absence of an inmate if an officer would unlock the cell and let it remain unlocked.

The Claimant in the present case did not testify with such particularity. The sparse evidence in this case is more like the evidence in *Dungleman v. State* (1979), 33 Ill. Ct. Cl. 154, where the claims were denied. Also Claimant indicated the property was stolen by other inmates and not by the guards. There is no general duty on the part of the State of Illinois to safeguard an inmate's property from theft by other inmates when the property is in the inmate's cell. *Edwards v. State* (1986), 38 Ill. Ct. Cl. 206; *Bargas v. State* (1976), 32 Ill. Ct. Cl. 99.

Based on the foregoing and because Claimant did not request the cell be deadlocked, and did not present with specificity the location of the property in the cell and the amount of traffic in the gallery, the claim must be denied.

It is ordered, adjudged and decreed that this claim is dismissed, with prejudice.