(No. 87-CC-1701—)

MARK L. CROSSLAND, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 19, 1988.*

MARK L. CROSSLAND, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

BURKE, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner, and this Court being fully advised in the premises:

Finds that on August 11, 1987, Claimant, Mark Crossland, was an inmate at Menard Correctional Center. On that date and while at work in the prison hospital, he learned from an Officer Bower that his cell was shaken down by correctional officers looking for contraband. Claimant received a pass to return to his cell and upon arrival observed his cell door open about eight inches. When he looked in the cell, he saw his fan laying on the floor and both his bed and his cellmate's bed messed up. When he left in the morning to go to work, his cell was deadlocked. This means that the cell was double locked with two separate locks.

Claimant found his cellmate and checked with a sergeant who advised them to go into the cell to check and note missing items. The following items belonging to Claimant were missing or damaged:

(a) One wedding ring valued at $175.00, no receipt.

(b) One Panasonic radio—returned.

(c) Twelve packs of cigarettes valued at $12.00, no receipt.

(d) Two pairs of Maverick jeans and one pair of Dickey jeans valued at $24.00, no receipt.

(e) One broken fan purchased 5/21/86 for $22.97, receipt produced.

Claimant complained to the officers at that time in the cellhouse about his loss and broken fan. Since his initial complaint, Claimant's Panasonic radio was returned from another inmate. Claimant valued his lost and damaged property at $240.01. Claimant testified that he was unable to obtain receipts or personal property contracts for the lost articles because he was told by prison officials that his file could not be found.

Claimant further testified that he did not know who took his property and his cellmate was working with him at the time of the theft. The departmental report indicates Claimant exhausted his administrative remedies through the Department of Corrections where his claim was denied based upon a finding of no substance to the complaint and a lack of staff negligence. The captain believed to have searched Claimant's cell could not recall doing so and the sergeant was unable to corroborate Claimant's allegations because he was unable to recall the incident or searching of Claimant's cell.

The facts of the instant case are similar to the facts in *Owens v. State* (1985), 38 Ill. Ct. Cl. 150. In *Owens*, an inmate was taken to the infirmary. His cell was deadlocked. When he returned to his cell, his personal property was damaged or stolen. Claimant did not know what happened to his personal property and he too had

a cellmate. The Court, under those circumstances, refused to find a presumption regarding the State's responsibility for Claimant's property and did not require the State to come forward with proof of due care as in *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1. The Claimant in *Owens* did not know what happened to his property and could not show that it came into the exclusive control of the State, and his claim was denied.

Claimant in the present case produced no evidence as to where the property was located in the cell, there was no evidence that persons could not reach in the cell and take the property, there was no evidence as to traffic in the gallery and no evidence as to control of the cell doors, and the departmental reports indicated the guards could not recall searching Claimant's cell, but if they did, the cell door was not left open. This sparse evidence in the present case is similar to the facts in *Dungleman v. State* (1980), 34 Ill. Ct. Cl. 212, wherein the claim was denied. A similar claim was also denied in *Jarrett v. State* (1979), 33 Ill. Ct. Cl. 154.

The Claimant did present evidence that his missing Panasonic radio was returned by an inmate. This Court has laid down the general rule that there is no general duty on the part of the State of Illinois to safeguard an inmate's property from theft by other inmates when that property is in the inmate's cell. *Edwards v. State* (1986), 38 Ill. Ct. Cl. 206; *Barges v. State* (1976), 32 Ill. Ct. Cl. 99.

It is therefore ordered that this claim is denied and Claimant's complaint is dismissed with prejudice.