(No. 87-CC-1555-

WALTER MONTGOMERY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 22, 1991.*

WALTER MONTGOMERY, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (KIMBERLY DAHLEN and JUDY WATTS, Assistant Attorneys General, of counsel), for Respondent.

OPINION

PATCHETT, J.

This complaint was filed while the Claimant was a resident of the Illinois Department of Corrections.

Claimant had purchased a Timex watch for $31.95 at the Menard commissary on August 8, 1984. The Claimant alleged that he still owned and possessed the watch on November 11, 1984, when he left his cell to go to work detail. Upon returning to his cell, he found his cell mate still asleep, but claims the door which he had left on deadlock was open. He discovered his watch missing at the time.

The departmental report filed in this case tends to confirm that when the Claimant left his cell, the cell was indeed placed on deadlock. Upon returning, if the Claimant actually found the door to have been removed from deadlock, then either agents of the Department, or fellow inmates could have entered the cell during his absence and removed the watch.

This Court decided a somewhat similar claim under the doctrine *res ipsa loquitur* in *Walker v. State* (1986), 38 Ill. Ct. Cl. 286. However in the *Walker* case, the Claimant did not have a cellmate. In the *Walker* case, the cell was also placed on deadlock upon the prisoner leaving, and when the Claimant returned to the cell, he found that his cell had been searched by agents of the Department of Corrections. He then claimed that certain items of personal property were missing. Under those limited circumstances, this Court applied the doctrine *res ipsa loquitur*, and granted the Claim.

We do not feel that the *Walker* case applies here. In this case, the Claimant had a cellmate who was present the entire time. The Claimant was gone from the cell on the day in question. Secondly, there is no evidence before this Court to indicate that the cell was searched by agents of the Department of Corrections during his absence. Since the facts in this case do not establish that at any time the cell, and the personal property included

therein, were in the sole and exclusive possession of the Department of Corrections or its employees, we find the *Walker* case to be inapplicable. We also find that no bailment was created. Therefore we must deny liability, and deny this claim.