(No. 89-CC-2997—

Mark J. Cissna, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed August 19, 1991.*

Mark J. Cissna, *pro se*, for Claimant.

Roland W. Burris, Attorney General (Charles S. Watson, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Burke, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks damages from Respondent, State of Illinois, for the value of personal property claimed to have been lost by Claimant through the fault or neglect of Respondent or its agents.

Claimant alleges that Respondent, State of Illinois, is responsible for $1,500.00 in money damages for Claimant's loss of personal property. Claimant contends that he kept all of his property in his assigned cell.

On July 7, 1988, Claimant was ordered to be transferred from Graham Correctional Center to Menard Correctional Center. At the time of the transfer, Respondent took exclusive possession and control of his property, and his property was stolen as a result of two separate incidents.

Claimant testified that on September 10, 1988, he left his cell and went to the yard. Claimant's cellmate went to the commissary. When Claimant was released from his cell, Respondent's agents closed the door and Claimant went to the yard. One and one-half hours later when Claimant returned to his cell, Claimant noticed that "the cell was all torn up." Claimant inquired of Respondent's agents whether they "shook my cell down." Respondent's agents denied any shakedown. Claimant was told to make a list out of missing property, which he did.

Claimant testified that he believed other inmates took his property. Claimant stated, "it had to be the guard that unlocked the door to let them in, because that is the only way they could get in there." When Claimant returned to his cell to find property missing, the cell was locked.

Regarding the second incident, Claimant testified that he was sick and in protective custody status. Claimant was apparently treated for illness and when his personal property was returned, he found that "the commissary stuff that I bought after the first time, got ripped off again." No inventory was made of Claimant's property when he was taken to the hospital. Claimant suspects that guards cooperated in allowing inmates to enter his cell and take the Claimant's property. Claimant had no information or knowledge that his property ever came into exclusive possession of the State. Claimant had no evidence or proof that a guard was responsible for allowing inmates to go into his cell and take his property. Claimant reasons that nobody can get into the cell without a key and the only people that have keys are the guards.

As in so many cases filed by inmates for the loss of personal property, this case presents a fact situation

where Claimant brings suit for his loss of personal property based on its unexplained disappearance from Claimant's cell. We are aware of only one case where this Court has applied the doctrine of *res ipsa loquitur* to allow an award in such a fact situation, and that case is *Walker v. State* (1986), 38 Ill. Ct. Cl. 286. In the *Walker* case, *supra*, there was direct evidence that at the time of the unexplained disappearance of claimant's property from his cell, there had been a "shakedown" and officers had opened claimant's cell. The officer, having opened claimant's cell, told claimant that he opened the cell and stated that "he may or may not have locked the door after he stepped out of the cell." In that case, it was found that the doctrine of *res ipsa loquitur* would seem to be applicable, and an award was made.

In the case at bar, there is no evidence that guards entered Claimant's cell on either occasion. There is no evidence from which a bailment could be inferred, and no direct evidence of negligence on the part of Respondent.

Wherefore it is hereby ordered that this claim is denied.