(Nos. 88-CC-1363, 88-CC-4290 cons.—

RUDOLPH LUCIEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 18, 1994.*
*Opinion filed August 29, 1994.*

RUDOLPH LUCIEN, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (WENDELL DEREK HAYES, DIANN K. MARSALEK and JENNIFER M. LINK, Assistant Attorneys General, of counsel), for Respondent.

OPINION

SOMMER, C.J.

The above claims, seeking damages of $163.09 for lost property, arose from the same incident; and were consolidated by agreement of the parties at the hearing before the Commissioner.

At the time of the incident complained of, the Claimant was an inmate at the Pontiac Correctional Center.

The Claimant grieved his loss to the Pontiac Inquiry Board and the Administrative Review Board. In both cases his claim was denied, except that he was finally reimbursed $4 for two blue sheets.

The Claimant testified that while he was an inmate at the Pontiac Correctional Center in September of 1987 the prison was in a process of an institutional lockdown and shakedown as a result of a prison staff member being killed. It was during this shakedown period, on September 11, 1987, that the Claimant testified he was taken to a different gallery and held while his personal cell was searched by prison staff. After the "shakedown" of his cell, he returned to find certain personal items missing. He had no cellmate. The Claimant testified that the total worth of these items was $163.09.

The Claimant presents as his basis of recovery a negligence theory. An inmate of a State correctional facility may recover under a negligence theory for the loss of personal property from his cell if specific evidence is presented that the inmate had no cellmate, that the lost property was outside the reach of passersby, that the cell door was locked when the inmate left his cell, that there was a lot of traffic in the gallery and that the State was in complete control of the cell doors. *Walker v. State* (1986), 38 Ill. Ct. Cl. 286.

The Claimant testified that the population of his gallery was removed, so that the prison authorities could search for contraband. The Claimant further testified that he moved his property to the back of his cell; and locked the door. When he was released to return to his cell, he found his cell door open and other inmates released ahead of him in the gallery. We find the State negligent in unlocking the Claimant's cell and allowing other inmates to be in the area when the Claimant was not present.

The Claimant was denied recovery at his administrative hearings due to the fact that he could present no evidence that he had the items; or if he had them, they were contraband or belonged to someone else.

The items listed in no. 88-CC-1363 and their value included: one pair of black booties ($25 yarn cost); two blue blankets ($14.82); ten Parker ball-point pens ($22.10); nine tubes of Colgate toothpaste ($14.22). The black booties were on the contraband slip. The Claimant testified that they were made from yarn issued by the LTS staff or purchased and sent in; and classes in knitting were held at the institution. The black booties were declared contraband because they were not sold at the commissary. The black booties obviously existed; and the Claimant makes a good case for his right to possess them. Therefore, we will compensate the Claimant for the loss of the booties. As we stated in *Seats v. State* (1994), 46 Ill. Ct. Cl. 418, "Due to the prisoner's situation, his testimony as to the commissary cost or original cost is good practical evidence of the value of an item * * *." (*Id.* at 420.) The values so established are to be weighed by the Commissioner and Court. We find the Claimant's assignment of $25 value of the yarn to make the black booties is not unreasonable. We will award the Claimant $25 for the black booties.

As to the remaining items claimed under no. 88-CC-1363, there is no evidence beyond the Claimant's testimony that the Claimant had such items; however, the Claimant's testimony was *prima facie* evidence that he had the items; and the State did not specifically rebut his testimony. The Claimant's testimony then becomes a matter of weight. In this claim we will accept the Claimant's testimony that he had the items, as they are common commissary items a prisoner would be expected to have; and the Claimant is specific in his description and number of the items missing and is not excessive. Additionally, we will apply the *Seats* doctrine and find the Claimant's valuations reasonable. Therefore, we will award the Claimant $51.14 for the loss of the commissary items.

The items listed as missing under no. 88-CC-4290 included: one law book—*Fundamentals of Paralegalism* ($23.95); a law dictionary—*Black's Law Dictionary* ($40); one pamphlet—Illinois Criminal Law and Procedure ($12); two blue sheets ($11).

The Pontiac inquiry board recommended that the librarian check to see whether or not *Fundamentals of Paralegalism* belonged to the library. The Administrative Review Board found that the book did belong to the library. There was no record of the other books.

Thus, in the case of *Fundamentals of Paralegalism*, the Claimant's testimony was rebutted; and we cannot make an award for the loss of the book. The other two books remained missing. These are not commissary items that a prisoner would normally have, but in light of the work the Claimant does, it is reasonable that he would have such books. Therefore, we will weigh the evidence in the Claimant's favor and award him the value of the books. Applying the *Seats* doctrine, the Claimant's valuations

seem reasonable and we award the Claimant the stated amount for the loss of the books.

As for the two blue sheets, the Claimant was given $4 for them by the Administrative Review Board. Though the sheets were old, the Claimant testified they were like new. We find the depreciation applied excessive and will award the Claimant an additional $5 (See *Seats* for a discussion of depreciation.)

It is therefore ordered that the Claimant be paid $137.14 to reimburse him for the value of his lost property in the above two claims.

## OPINION

SOMMER, C.J.

This claim arises upon the Claimant's petition for award of costs. On May 18, 1994, this Court issued an award to the Claimant in the above-entitled claims for personal property lost while the Claimant was an inmate at the Pontiac Correctional Center.

The Claimant is now petitioning for costs. Included in his claim are the costs of copying, postage, etc. In order for a party's costs to be paid, a statute must authorize such payment. Costs include filing fees, witness fees, deposition fees and expenses, jury fees, etc. Items such as copying and postage are not costs, as they are not authorized by statute to be paid.

The only item cited by the Claimant recoverable as costs is the one-half filing fee that he paid in no. 88-CC-1363. This fee amounted to $7.50.

The State of Illinois is liable for costs only if the statute awarding costs specifically and clearly names the State of Illinois as liable for costs. *I & D Pharmacy, Inc.*

226

*v. State* (1984), 37 Ill. Ct. Cl. 37, 42. *Cayman Associates Ltd. v. State* (1980), 33 Ill. Ct. Cl. 301.

The general statute that allows the awarding of costs to plaintiffs who recover damages does not name the State of Illinois as being subject to the payment of costs under that statute. (735 ILCS 5/5—108.) Thus, costs are not recoverable in the present claims. It is therefore ordered that the petition for award of costs is denied.