190

(No. 96-CC-4308—

LENNIL JOHNSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 17, 1997.*

LENNIL JOHNSON, *pro se,* for Claimant.

JIM RYAN, Attorney General (MARK W. MARLOTT, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant, Lennil Johnson, an inmate of the Illinois Department of Corrections, filed his complaint sounding in tort on June 6, 1996. Claimant alleged that on or about May 14, 1996, his personal property was taken from his cell at Hill Correctional Center. The case was tried before Commissioner Shadid.

## The Facts

On May 7, 1996, Claimant was released from inmate segregation and placed in housing unit 4, cell number R4A27. He had never been in this cell before. He was told by the guards that they did not have a key for R4A27. An Incident Report was filed. Mr. Johnson requested that the locks be changed on the cell because it was his belief that the key may have been stolen. He was issued a replacement key three or four days after May 7, 1996. On May 14, 1996, he returned from breakfast with his cellmate to find that their cell had been ransacked and missing were four pair of Levi jeans, three Levi jean shirts, and one pair of Bass suede shoes, two burgundy bath towels, one sweat shirt, 15 packs of Pall Mall cigarettes, and various commissary food items. The purchase price of these items totaled $352.80.

Claimant filed grievances for his loss which were denied. It is the position of the Department of Corrections that if a key was lost, then a reissue of a new key is made. If the key is stolen, then the locks would be retooled. The State's argument is that since Mr. Johnson cannot establish that the key was stolen, then the reissue of a key was proper under the circumstances. Claimant testified he subsequently reassigned himself to a different cell.

Also testifying at trial was Marion Yeazel who was Chief of Security at Hill Correctional Center. He testified as to the procedures that an inmate would follow if he did not have a key. He also testified that the prison policy was that if a key is lost, then a reissue of a new key is proper. If the key is stolen, then the locks on the cell would be changed. Claimant followed all procedures in documenting that he had no key. In fact, the authorities at the facility knew that he had no key when they assigned him to his cell. They informed him that they did not have a key

for him and did not know what happened to it. His roommate had a key to the cell.

Claimant itemizes his loss as follows:

| | | | |
|---|---|---|---|
| 4 pairs of Levi Jeans | 4 pair @$22 | = $ | 88.00 |
| 3 Levi jean shirts, XL | 3 @$34 | = | 102.00 |
| 1 pair of Bass suede shoes | 1 pair @$85 | = | 85.00 |
| 2 burgundy bath towels | 2 @$7.50 | = | 15.00 |
| 1 sweatshirt | 1 @$11.55 | = | 11.55 |
| 15 packs of Pall Mall cigarettes | 15 @$1.75 | = | 26.25 |
| Various commissary food items | | = | 25.00 |

Claimant acknowledges that these values are the total purchase price of all of the items. He does admit that he has no idea what their depreciated value would be.

## The Law

The Claimant presents, as his basis for recovery, a negligence theory. An inmate of a State correctional facility may recover under a negligence theory for the loss of personal property from his cell if specific evidence is presented that the inmate had no cellmate, that the lost property was outside the reach of passersby, that the cell door was locked when the inmate left his cell, that there was a lot of traffic in the gallery, and that the State was in complete control of the cell doors. *Walker v. State* (1986), 38 Ill. Ct. Cl. 286; *Lacien v. State* (1994), 47 Ill. Ct. Cl. 221; *Montgomery v. State* (1991), 43 Ill. Ct. Cl. 244.

When no bailment is established, in most cases where personal property is taken from the cell of an inmate, the Court has denied the inmate's claim for damages. (*Owens v. State* (1985), 3 Ill. Ct. Cl. 150; *Edwards v. State* (1986), 38 Ill. Ct. Cl. 206.) To prevail, the inmate must prove that a guard participated in or acquiesced to the loss of property. (*Bargas v. State* (1976), 32 Ill. Ct. Cl.

99.) There is no general duty on the part of the State to safeguard an inmate's personal property from theft by other inmates when the property is in the inmate's cell. The State is not an insurer of an inmate's property and cannot be held responsible where other inmates engage in criminal acts directed at the property. The State in the exercise of reasonable care cannot be expected to prevent isolated acts of pilferage in the environment of a penal institution. *Moore v. State* (1989), 42 Ill. Ct. Cl. 226.

In the present case, Claimant had a cellmate, he presented no evidence that the lost property was outside the reach of passersby, he presented no evidence that the cell door was locked when he left the cell, he presented no evidence that there was traffic in the gallery, and he presented no evidence that the State was in complete control of the cell door. (*Crossland v. State* (1988), 41 Ill. Ct. Cl. 180.) The Claimant has the burden of proving his case by a preponderance of the evidence. He has failed to do so. While the Court sympathizes with his loss, under the law we cannot grant this claim.

For the foregoing reasons, it is the order of the Court that Claimant's claim be and hereby is denied.