(No. 83-CC-2023– )

GREGORY K. WASSINGER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 19, 1988.*

GREGORY K. WASSINGER, *pro se,* for Claimant.

NEIL F. HARTIGAN, Attorney General (CLAIRE GIBSON, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

This is a claim brought by Gregory K. Wassinger, a resident of Centralia Correctional Center, for personal injuries sustained by Claimant when a defective toilet attached to a wall in Claimant's cell fell under Claimant's weight, shattered on the floor, and lacerated the Claimant's body.

On March 31, 1981, Claimant was incarcerated in the segregation cell at Centralia Correctional Center. The cell was supplied with a toilet stool attached to the wall by bolts. The stool unit was cracked on the sides where washers and bolts attached the toilet to the back of the wall. Claimant complained to various correctional officers on all three work shifts that the toilet was badly cracked and leaking and that it could not be used. Claimant could not apply any weight on the stool unit because he could hear the porcelain cracking and

breaking where it was hooked up by the washers on the wall bolts.

On the day in question the Claimant was attempting to use the stool and to keep his weight off of the stool at the same time. Because the toilet was leaking, his foot slipped thereby casting his weight on the toilet. When Claimant's weight struck the toilet, the toilet broke off the wall, shattered on the floor and the Claimant fell into the broken porcelain. Claimant sustained lacerations on his legs, buttocks and fingers. Claimant sustained a 3½-inch laceration on the side of his right buttock, a 1¾-inch laceration on his lower left thigh, a 4-inch laceration on his upper left thigh, a ½-inch laceration above his left eye, a 1-inch laceration on his little finger on his right hand, and 3 small lacerations on his right hand fingertips. Claimant also sustained a bruised back. Medical treatment by Claimant involved some difficulty in cleaning the wounds of broken pieces of porcelain.

Claimant also sustained a back injury from which he still suffers pain. Claimant is unable to tie his shoes and cannot get out of bed in the morning.

Respondent did not dispute Claimant's allegations that he was injured in the manner described in Claimant's testimony. The testimony of the Claimant and the facts of this accident including the nature and degree of Claimant's injuries sustained is virtually uncontradicted on the record in this case.

It is clear that the plumbing facilities in the cells housing inmates in the facilities of the Department of Corrections is under the management of Respondent. Furthermore, when an injury has been caused by something under the management of the Respondent and the injury is such that in the ordinary course of

events it would not have happened if Respondent had exercised proper care, the accident itself affords reasonable evidence, in the absence of an explanation, that the accident arose from the Respondent's want of due care. (*Childress v. State* (1985), 37 Ill. Ct. Cl. 269.) It is clear in the case at bar that Claimant brought the defective condition of the porcelain toilet to the notice of Respondent. Respondent was aware of the dangerous condition. (*Burns v. State*, 35 Ill. Ct. Cl. 782.) Furthermore, the uncontradicted testimony concerning the leakage causing a slippery condition and making it impossible for Claimant to use the facility without slipping and causing weight to be applied to the porcelain stool renders it impossible to charge Claimant with any degree of comparative negligence.

There is no question that Claimant sustained severe laceration injuries on account of the negligence of Respondent. Less clear is the degree to which the Respondent is responsible for the serious back condition about which Claimant complains. It is clear that Claimant has sustained considerable medical treatment for his back complaints since the incident in question. Further, Claimant's testimony regarding his limited ability to move and engage in physical activities is uncontradicted by Respondent. Respondent does not deny that Claimant has sought and been afforded considerable treatment for the back condition which Claimant states originated with this accident. We find that the Claimant should be awarded $7,500.

It is therefore ordered, adjudged and decreed that the Claimant is awarded the sum of $7,500 in full and complete satisfaction for his injuries in this case.