(No. 89-CC-3652–)

RODGER THORNTON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 30, 1993.*

RODGER THORNTON, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHRISTINE M. GIACOMINI, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

Claimant is a prisoner with the Illinois Department of Corrections. Claimant seeks money damages in the amount of $20,000 as a result of injuries he allegedly sustained as a result of a fall from an allegedly defective toilet unit.

Claimant testified that the incident in question occurred on November 15, 1988. He was housed in West House of Menard. He was sitting on the toilet and it broke to the floor causing a serious laceration in his back which resulted in seven sutures. Claimant demonstrated a scar approximately four inches long located 5½ inches to the left of the midline of his back on his left side on the date of his hearing. It was not a keyloid scar and was not discolored. Claimant received medical assistance and stitches approximately one hour after his injury occurred. Claimant contends that he hurt his back although the X rays taken did not reveal any damage to his bones or spine. Claimant feels his back was damaged because he claims to still have trouble with his back on a sporadic basis. Claimant states that he had no trouble with his back before the incident. Claimant contends he has been prescribed muscle relaxers but that he did not take them at the time of the hearing. He further testified that he has been X-rayed several times since the injury on his own

request. Claimant testified that he was advised by the examining physicians that he suffers from scoliosis, a congenital curvature of the spine. Testimony at hearing indicated Claimant's condition had not been diagnosed prior to his incarceration. However, his medical records showed no evidence of any continuing disability attributable to his injury.

Claimant testified at the time of hearing that when he is not in segregation he works out with weights on a regular basis. He further stated he is a pretty good handball player and that the injury to his back of which he complains has not affected his ability to lift weights or play handball.

Claimant contended that approximately a week to 10 days prior to the incident in question, he had notified Respondent's agents that the toilet was defective because it leaked, and Claimant had tried to have it repaired. Claimant testified there was no indication prior to the time that he was using the toilet that it might break or fall. The unit was still leaking at the base of the toilet just prior to the incident in question.

Inmate Summers testified for the Claimant that a week or two weeks prior to the incident, a report had been made to Respondent's agents that the toilet was loose and was leaking from the bottom. Summers testified that he personally talked to Respondent's agents who told Summers, "we will get to it as soon as we can." Summers stated that Respondent's agent never did repair the toilet until after it broke, causing Claimant's injury.

The uncontradicted evidence in this case indicates that Respondent was made aware of the defective toilet at least a week or two prior to Claimant's injury. In *Wassinger v. State* (1988), 41 Ill. Ct. Cl. 68, this Court

addressed a similar problem. This Court held that the plumbing facilities in the cells housing inmates with the Department of Corrections are under the management of Respondent. When an injury has been caused by something under the management of the Respondent, and the injury is such that in the ordinary course of events it would not have happened if Respondent had exercised proper care, the accident itself affords reasonable evidence, in the absence of an explanation, that the accident arose from the Respondent's want of due care. *Childress v. State* (1985), 37 Ill. Ct. Cl. 269.

As in *Wassinger, supra*, it is clear in this case that Claimant brought the defective condition in the porcelain toilet to the notice of Respondent. Respondent was aware of the dangerous condition. *Burns v. State* (1982), 35 Ill. Ct. Cl. 782.

There is no question Claimant sustained a severe laceration on his back on account of the negligence of Respondent. Although Claimant complains of lingering back problems, his own testimony belies the fact that the problems have not interfered with his weight lifting or handball activities.

Based upon the foregoing, we hereby award Claimant $1,500 in full and complete satisfaction of his claim.