(No. 4867

FRANK DROGOS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1960.*

LEON L. MAZOR, Attorney for Claimant.

GRENVILLE BEARDSLEY, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

WHAM, J.

Claimant contends that his wife's $491.00 ring was lost by the negligence of respondent's agents at the Chicago State Hospital on or about February 15, 1958, while his wife was a patient of the hospital.

Claimant was the only witness, who testified in this case. and it was admitted in the Departmental Report

that the ring was missing while in the custody of respondent.

During the hearing it developed that claimant was indebted to the Department of Public Welfare in the amount of $113.14 for hospital care for his wife. Counsel for claimant consented to this amount being considered as a set-off, although not pleaded by respondent.

The facts appearing from the evidence offered herein are as follows: On February 15, 1958 Mrs. Frances Drogos, wife of claimant, Frank Drogos, was a patient at the Chicago State Hospital. She was home visiting her family on February 15, when, due to her condition, it was necessary to return her to the hospital. Upon entering the hospital, she was placed in the care of Theresa Willie and Lucille Wohler, two nurses at said hospital. Claimant was informed by the nurses that it would be better if he left after he had placed his wife in their custody. While in the care of the said nurses, two rings were removed from the fingers of Frances Drogos. One of the two rings was either lost or misplaced by one of said nurses, as it was never turned over to the administrators of the hospital. It is admitted in the Departmental Report that said ring has been lost.

The ring in question consisted of a white gold band set with fifteen diamonds, and was valued at $491.00. This is the amount, which claimant paid for the ring approximately three or four years prior to its loss.

From these facts we conclude that respondent, as bailee of the ring, was guilty of negligence in caring for it, and, as a proximate result thereof, the ring was lost. Therefore, claimant is entitled to damages in the amount of $491.00, the value of the ring.

It appears from the evidence, however, that re-

spondent, State of Illinois, is entitled to a set-off, or a counterclaim against claimant, Frank Drogos, since he owes the Department of Public Welfare the sum of $113.14 for the hospital care of his wife.

It is, therefore, the opinion of this Court that claimant is entitled to the sum of $377.86, after deducting the set-off from the value of the ring.

The claim is, therefore, allowed in the amount of $377.86.