(No. 7086— 

KENNETH CHOINIERE, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF MENTAL HEALTH, Respondent.

*Opinion filed November 12, 1974.*

ROBBINS, COE, RUBINSTEIN & SHAFRAN, Ltd., Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant, Kenneth Choiniere, has filed a claim against the State of Illinois for injuries sustained on June 12, 1972, while he was a patient at the Read Mental Health Center for the treatment of alcoholism.

It appears that he had been at the Center since March of 1972.

On the evening of June 12, 1972, claimant was in the sun room at said hospital. Also in the sun room was a woman patient and another male patient, Michael Morabito.

Michael Morabito left the sun room and the female patient entered and sat in the seat he had vacated. When Mr. Morabito returned, he demanded the female patient

relinquish her seat to him. When the claimant came to the assistance of the female patient, Michael Morabito struck him, knocking him to the floor and kicking him in the face with his feet.

As a result of this assault, claimant suffered multiple fractures of his jaw.

He was kept overnight at the Read Mental Health Center and later was transferred to the University of Illinois Research Hospital where he remained until June 29, 1972.

Claimant, testifying in his own behalf, stated that his mouth was wired and that he remained on a liquid diet for approximately 9 weeks.

As a result of the injuries, claimant was required to have certain dental work done on his mouth. He further testified, that his lower lip is partially numb and he has problems speaking clearly.

Claimant was billed $1,201.33 by the University of Illinois Research Hospital for the services it rendered to him, and the hospital has asserted a lien for this amount.

The State of Illinois, through the Attorney General, has filed a Counter-Claim against the claimant in the amount of $4,677.40 on behalf of the Read Mental Health Center for treatment rendered claimant. The respondent seeks a lien, or setoff in this amount. Respondent presented no rebuttal evidence. The facts, the amounts, and the resulting award were, in fact, stipulated to by the parties to this claim.

Claimant contends that the State of Illinois is responsible for his injuries because it permitted a dangerous mentally ill person to be in the sun room occupied by the claimant and other patients. Claimant further al-

leges that the respondent knew, or should have known, of the vicious propensities of the mentally ill patient, Michael Morabito.

The record is devoid of any evidence as to what actual knowledge the State had as to the tendencies of the assailant, but it can be safely assumed, that there were facts in the hospital record apprising the State of Illinois of the vicious propensities of the assailant.

We are satisfied that the claimant is free from any contributory negligence in this matter.

We find the rule applicable to the case at bar stated in *Hazel Robinson* v. *State of Illinois, 25 C.C.R. 67* at page 74:

"This Court had long held that it is the duty of respondent to exercise reasonable care in restraining and controlling dangerous, insane persons committed to its custody, so that they will not have the opportunity to inflict a foreseeable injury upon others." [Citing cases] Also in point, see *Mitchell Lewinski* v. *State, 26 C.C.R. 166.*

Since the respondent tacitly conceded its liability in this matter, we are justified in assuming that there were facts in the hospital records concerning Michael Morabito that would apprise the State of the mental condition of the offender, and particularly his tendency to be violent. The State was, therefore, negligent in failing to keep him under proper supervision, which would have prevented the injury to this claimant.

Under these circumstances, the court believes that the agreed suggestion of the parties as to the amount of the award is fair and reasonable. The total amount of the award will be $8,378.73 from which amount respondent

is entitled to a set-off in the total sum of $5,873.73, pursuant to §8(e) of the Court of Claims Act, as payment for services rendered to the claimant by the two State hospitals. [viz: the sum of $1,201.33 to satisfy the lien of the University of Illinois Research Hospital, and a further sum to be deducted in the amount of $4,677.40 to satisfy the lien of the Chicago-Read Mental Health Center for services and treatment rendered to the claimant.] After the satisfaction of the respondent's aforesaid counter-claims for recoupment, claimant is entitled to a new award in the sum of $2,500.00.

The claimant, Kenneth Choiniere, is hereby awarded the net sum of $2,500.00 in damages for his personal injuries.