(No. 75-CV-98—          )

GUY GETTIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 28, 1975.*

GUY GETTIS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELDMAN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal aggravated assault on July 13, 1974, in Centreville, St. Clair County, Illinois. Guy Gettis seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," Ill. Rev. Stat., 1973, Ch. 70, Sec. 71, *et seq.* (hereafter referred to as *the Act*).

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant was a victim of a violent crime, as covered under the Act, to wit:

"Aggravated Assault", (Ill. Rev. Stats., 1973, ch. 38, sec. 12-2).

2. That on July 13, 1974, claimant answered a knock at the door of his home at or about 10:00 p.m. at 6030 Laura Street, Centreville, Illinois, at which time claimant was shot twice in the abdomen. As a result of these gunshot wounds, claimant was hospitalized for a period from July 13, 1974, to July 23, 1974.

3. That said crime was promptly reported to the Centreville Police Department and that claimant at all times has cooperated with law enforcement officials, but that the assailant is unidentified and the investigation is continuing.

4. Claimant, as indicated by the report of the Attorney General, did not provoke the incident nor is the incident a result of any wrongful act of the claimant.

5. No evidence indicates that claimant is related to or a member of the same household as the assailant.

6. Claimant has suffered pecuniary loss in excess of $200 compensable under the Act as follows:

Hospital . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,897.75
Doctor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 265.00

7. Claimant was self-employed at the time of this incident but has been able to establish prior earnings in

excess of $500 per month. Claimant was unable to work for a period of 22 days subsequent to this incident. Section 74 of the Act states loss of earnings, loss of future earnings and support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the injury or $500 per month, whichever is less. Based upon the figure of $500 per month and claimant's inability to work the 22 days, claimant's pecuniary loss of earnings is $311.84.

8. Claimant has not received nor is he entitled to receive any benefits as a result of this incident.

9. Pursuant to Illinois Revised Statutes, 1973, chap. 70, par. 71, this Court must deduct the first $200 of pecuniary loss.

10. A Supplemental Investigatory Report filed by the Attorney General in this matter indicates that Mr. Guy Gettis presently has an outstanding obligation to the State of Illinois for license plate fees in the amount of $654. Although the Court shall not recognize any liens on awards to applicants, except as provided under section 80d of the Act, this Court shall be guided by all the statutes of the State of Illinois, Chapter 15, Sec. 210.05 of Illinois Revised Statutes, 1973, provides that:

"Whenever any person shall be entitled to a warrant on the treasury or on other funds held by the State Treasurer or any account whatever, against whom there shall be any account or claim in favor of the state, then due and payable, the Comptroller, upon notification thereof, shall ascertain the amount due and payable to the State, as aforesaid, and draw a warrant on the treasury or on other funds held by the State Treasurer, stating the amount for which the party was entitled to a warrant, the amount deducted therefrom, and on what account, directing the payment of the balance; . . ."

The award due Mr. Gettis shall be reduced by the indebtedness to the Secretary of State of the State of Illinois for license plate fees as evidenced by the Supplemental Investigatory Report.

11.  That the proof submitted in support of this claim satisfies all of the requirements of the Act.

IT IS HEREBY ORDERED that the sum of $1,620.59 (ONE THOUSAND SIX HUNDRED TWENTY DOLLARS AND FIFTY NINE CENTS) be awarded Guy Gettis as a victim of a violent crime and that the indebtedness to the Secretary of State in the sum of $654 is hereby satisfied.