(No. 80-CC-0027-)

R. D. LAWRENCE CONSTRUCTION Co., Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 24, 1982.*

*Opinion on rehearing filed December 8, 1982.*

*Order on motion to clarify filed December 17, 1982.*

*Order on motion to withdraw motion for reconsideration filed February 3, 1983.*

MOHAN, ALEWELT & PRILLAMAN (FRED C. PRILLAMAN, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This cause of action arose out of a contract between Claimant and Respondent, dated July 11, 1977. Claimant, in its complaint, sets forth that as a result of Respondent's action Claimant incurred additional costs for labor and material put into the project by subcontractors working under Claimant's supervision, pursuant to Claimant's general contract.

Claimant contends that the delay caused by Respondent's action resulted in a higher wage scale being paid

to the laborers on the job and higher material costs due to the passage of time.

The original claim was in the amount of $126,010.00. It was agreed by and between the parties hereto that the amount of $39,794.00 is not in dispute and the amount remaining in dispute is $57,204.05. It is noted that the original claim of $126,010.00 has been reduced by Claimant to the sum of $96,998.05.

Claimant has not paid the amount of $57,204.05 to his subcontractors, so this is not out-of-pocket expenses.

It is Respondent's contention that this claim should be dismissed because the subcontractors had a right to protect their interests by filing a mechanics' lien and attempting to recover in that manner. It is also Respondent's contention that Claimant, at this time having not paid this amount to the subcontractors, has not incurred out-of-pocket expenses and is not in a position to recover.

The record is not clear as to whether the amount of $57,204.05 is due entirely to the subcontractors or whether the prime contractor, Claimant, had an interest in the same. If it does have an interest and this cause is dismissed, then the question arises as to what amount, if any, Claimant should receive.

Respondent's brief cites the case of *Bates and Rogers Construction Corporation v. North Shore Sanitary District* (1980), 92 Ill. App. 3d 90. The appellate court in that case ruled that in counts of contractor's complaints against owners for breach of contract, to include subcontractors' claims is wrong. The court stated that the general rule is that subcontractors cannot recover against the owner in absence of contractual arrangements, and in the absence of any allegation that they are third-party

beneficiaries under the principal contract, they are not proper parties to such a suit.

It is clear there is no privity of contract between the Respondent and the subcontractors and it is also clear that the subcontractors had a right to file a mechanics' lien to protect their interests.

In the negotiating proceedings prior to the filing of the complaint, it was suggested that a change order be issued but this was opposed and rejected by Respondent.

In view of the authority above cited, the Court hereby enters an award in favor of Claimant in the amount of $39,794.00, and dismisses that portion of the complaint in the amount of $57,204.05.

## OPINION ON REHEARING

HOLDERMAN, J.

This matter comes before the Court upon petition of Claimant for rehearing and Respondent's objection to said petition.

The Court, having heard oral argument in this cause and being fully advised in the premises, finds:

That Claimant is basing its claim upon a one year's delay in construction work for Respondent. The undisputed facts appear to bear out Claimant's claim that for over one year it was precluded from doing the work it had contracted to do for Respondent and that the sole cause of said delay was the fault of Respondent. Claimant bases its alleged claim upon the fact that the year's delay caused an increase in labor costs and in material costs and that it is entitled to the sum of $57,204.05. The work in question was for the remodelling of a basement, third floor and sixth floor of the State Capitol Building.

The evidence shows that the failure to vacate the sixth floor caused a delay of well over one year.

The parties have heretofore stipulated that Claimant is entitled to the sum of $38,794.00.

In the original complaint, Claimant asked for the sum of $126,010.00, which was scaled down to $96,998.05, a reduction of approximately $30,000.00 from the original amount claimed.

Approximately one-half of Claimant's claim is made on behalf of subcontractors and material suppliers. It appears they also were delayed for about 11 months on the sixth floor remodelling project—all of the delay caused by Respondent. The record strongly supports the position that the subcontractors were required to pay higher labor and material costs due to the State's delay. Illinois law holds that where proof of a legal wrong is made, there is a presumption of damages, and only the amount thereof is subject to further proof. (15 *Illinois Law & Practice*, chapter 13, section 231, 529.) This principle applies both to damages paid and unpaid by the injured party.

In this case, most of the damages claimed remain unpaid. Illinois law permits proof of damages to consist of both paid and unpaid bills. The sole issue is whether the bills are reasonable; it is not relevant that they are paid or unpaid. The fact is that all that is required under Illinois law to prove the reasonableness of unpaid bills is that the evidence on point be competent. *Hulse v. Midwest Emery. Freight System* (1973), 12 Ill. App. 3d 316, 319.

In Illinois, a paid bill is *prima facie* evidence of its being reasonable. *Omni Overseas Freighting Co. v. Cardell Insurance Agency* (1979), 78 Ill. App. 3d 639.

It is the Court's opinion that Claimant is entitled to the sum of $57,204.05. An award is hereby made in that amount.

## ORDER ON MOTION TO CLARIFY

HOLDERMAN, J.

This cause coming on to be heard on the Court's own motion to clarify our opinion on rehearing dated December 8, 1982;

By said opinion we made an award in the amount of $57,204.05. In doing so it was our intention that said sum be awarded in addition to the $39,794.00 which we had previously awarded the Claimant on February 24, 1982. The total award to the Claimant in the case therefore was intended to be and is $96,998.05, the scaled down amount claimed noted on page one of our opinion of December 8, 1982.

By way of clarification, it is hereby ordered that Claimant be, and hereby is, awarded the sum of $96,998.05.

## ORDER ON MOTION TO WITHDRAW MOTION FOR CONSIDERATION

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to withdraw its motion for reconsideration. Respondent's motion to withdraw sets forth that Claimant has now evidenced that it has paid its subcontractors and therefore the question raised by Respondent in its motion for reconsideration is moot.

Respondent's motion to withdraw its motion for reconsideration is hereby granted and the Court's order of December 17, 1982, granting an award is hereby confirmed.