(No. 81-CC-2676–)

CHARLES TALLEY, JR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 20, 1983.*

CHARLES TALLEY, JR., *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant, an inmate of an Illinois penal institution, has brought this action for monetary damages arising out of the alleged loss of "intimate correspondence and future relationship with person that cared about Claimant's well being enough to write and call from another county (sic), loss of time in painting, a painting and the materials used in painting a painting as well as mental and grievous suffering in the loss of a friend which cared and took Claimant for his word in trusting that he would send the oil painting to her in the total sum of $7,000.00."

Claimant's claim sounds in tort for negligence and he seeks relief against Respondent under section 8(d) of the Court of Claims Act. Ill. Rev. Stat., ch. 37, par. 439.8(d).

Claimant's complaint sets forth that on December 20, 1980, Claimant gave the mailroom supervisor at the Centralia Correctional Center $5.00 in postage to send a 12 x 16 brown envelope containing a letter and an oil painting to a female correspondent. Claimant alleges that Respondent's employee delivered the mail to the dayroom control on December 20, 1980, during the 3 to 11 shift.

Claimant grieves the loss of his painting and correspondence for the reason that, contrary to institutional rules, no notation was made on the outgoing mail list that Claimant's mail went out on December 20, 1980. Claimant did not know his correspondence did not leave the institution but had surmised that by the absence of any notation from the outgoing mail list.

The record is wholly devoid of any proof that the Claimant's property was in any way lost, mislaid, or misdirected by prison authorities. Claimant relies solely upon the fact that there was not any notation regarding the mailing of his painting and letter, since said notation did not appear on the institution's list of outgoing mail.

This Court has repeatedly held that before recovery can be made by an inmate, it must be shown by positive proof that Claimant's property was in the exclusive possession of Respondent. See *Brown v. State* (1979), 32 Ill.Ct.Cl. 767.

Most of the cases arising from loss of personal property occur when an inmate of an institution is being transferred to another institution and Respondent takes possession of said property, gives a receipt showing it has taken actual possession, and then fails to deliver said property to the new institution. In such cases, Respondent has acknowledged receipt of the property and the facts show it was in the exclusive possession of Respondent at the time said property was lost.

The present case does not present such clear proof. Case dismissed.