(No. 83-CV-097■■■■■■■■■■■■■■■■

*In re* APPLICATION OF NORMAN HAMILTON.

*Opinion filed April 18, 1985.*

NORMAN HAMILTON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ALISON P. BRESLAUER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on March 13, 1983. Norman Hamilton, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on April 19, 1983, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which

substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Norman Hamilton, age 45, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: aggravated assault. Ill. Rev. Stat. 1979, ch. 38, par. 12—2.

2. That on March 13, 1983, the Claimant was injured while he was a passenger aboard a Chicago Transit Authority train. The incident occurred on an eastbound train near 530 South Kedzie, Chicago, Illinois. Police investigation revealed that an unknown offender fired several shots at the passing train. The Claimant received a fracture of the cervical spine when he pulled his son to the floor of the train in an attempt to protect him. The Claimant was initially taken to Rush Presbyterian-St. Lukes Medical Center for treatment of his injuries.

3. That the Claimant seeks compensation for loss of earnings and for medical/hospital expenses.

4. That the Claimant incurred medical/hospital expenses in the amount of $4,579.10, $3,225.80 of which was paid by insurance, leaving a balance of $1,353.30. To date, the Claimant has paid $271.00 towards this balance.

5. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

6. That the Claimant was employed by the U.S. Postal Service prior to the injury, and his average

monthly earnings were $1,523.54. Claimant was disabled and unable to work from March 13, 1983, to September 4, 1984. On September 4, 1984, the Claimant's physician released the Claimant to work on a part-time basis. The Claimant was then able to return to work on a full-time basis as of October 1, 1984.

7. That the Claimant's net earnings following his return to work on a part-time basis exceeded $750.00, the maximum amount compensable per month for loss of earnings under the Act. Therefore, the Claimant did not incur a net loss of earnings during his part-time absence.

8. That the Claimant is eligible for loss of earnings during his full-time absence, from March 13, 1983, to September 4, 1984, a period of 17 months and 16 working days.

9. That based on $750.00 per month, the maximum compensation for loss of earnings for 17 months and 16 working days is $13,295.44.

10. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

11. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to depend-

ents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

12. That the Claimant has received $3,230.36 in sick pay reimbursements that can be counted as an applicable deduction.

13. That the Claimant's net loss of earnings can be determined as follows:

| | |
|---|---|
| Compensable loss of earnings | $13,295.44 |
| Less disability benefits | — 3,230.36 |
| Total | $10,065.08 |

14. That the Claimant, Norman Hamilton, has filed a civil action, *Hamilton v. Chicago Transit Authority*, No. 84 L 4494, in the Circuit Court of Cook County, Illinois, as a result of the incident. The Claimant, by informing the Attorney General of his pending civil suit, has acknowledged his responsibility to further notify the Attorney General of the final disposition of the civil action, pursuant to section 17 of the Act.

15. That pursuant to section 18(c) of the Act, the Court may order that all or a portion of an award be paid jointly to the applicant and provider of services. In the instant case, the Court finds this section applicable and orders that joint payment be made.

16. That the amount of the $200.00 deductible should be prorated respectively in accordance with the percentage of the compensable loss.

17. That after considering the applicable deductions, the Claimant's loss for which he seeks compensation is $11,218.38, based upon the following:

| | Com-<br>pensable<br>Amount | Less % of<br>$200.00<br>Deductible | Total |
|---|---|---|---|
| Net Loss of Earnings and<br>Paid Medical/Hospital<br>Expenses | $10,336.08 | 90.5% | $10,155.08 |
| Lutheran General Hospital | 402.30 | 3.5% | 395.30 |
| Victory V. Roman, M.D. | 360.00 | 3.2% | 353.60 |
| Northwest Internal Medicine | 150.00 | 1.3% | 147.40 |
| J. Ralph Seaton, M.D. | 170.00 | 1.5% | 167.00 |
| Total | $11,418.38 | 100% | $11,218.38 |

It is hereby ordered that the sum of $10,155.08 (ten thousand one hundred fifty-five dollars and eight cents) be and is hereby awarded to Norman Hamilton, an innocent victim of a violent crime.

It is further ordered that the sum of $395.30 (three hundred ninety-five dollars and thirty cents) be and is hereby awarded to Norman Hamilton and Lutheran General Hospital.

It is further ordered that the sum of $353.60 (three hundred fifty-three dollars and sixty cents) be and is hereby awarded to Norman Hamilton and Victory V. Roman, M.D.

It is further ordered that the sum of $147.40 (one hundred forty-seven dollars and forty cents) be and is hereby awarded to Norman Hamilton and Northwest Internal Medicine.

It is further ordered that the sum of $167.00 (one hundred sixty-seven dollars) be and is hereby awarded to Norman Hamilton and J. Ralph Seaton, M.D.