(No. 91-CC-0082– ▮▮▮▮▮▮▮▮▮▮)

BILLY JACKSON, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 6, 1992.*

BILLY JACKSON, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT J. IRSUTO and MARGARET MARCOUILLER, Assistant Attorneys General, of counsel), for Respondent.

OPINION

FREDERICK, J.

This cause comes before the Court on a complaint filed by Claimant, Billy Jackson, on July 12, 1990, seeking the sum of $1,530 pursuant to section 89(d) of the Court of Claims Act (Ill. Rev. Stat. (1989), ch. 37, par. 439.8(d)). Billy Jackson was incarcerated in the Illinois Department of Corrections. The case arises out of an incident that occurred on April 18, 1990, when water flowed into

Claimant's cell, which allegedly damaged personal property owned by Claimant.

The case was tried by the commissioner assigned to the case. Billy Jackson appeared at a hearing conducted on September 6, 1991. Claimant offered Claimant's Exhibit No. 1, which was admitted into the record without objection by the Respondent. The Exhibit is a diagram of Claimant's cell, No. 2A-04, indicating the location of the personal property in question in his cell. This was a cell in segregation where Claimant was in a 24-hour lock up.

Claimant testified that his cell was flooded with the water coming from the ceiling. He brought this fact to the guard's attention but it took about one-half hour to shut the water off. It was another one-half hour before Claimant was given a mop to get the water out of the segregation cell. He was told that a pipe had broken in the upper galley. He was lying on his bed in his cell at the time of the flooding. He said the water flowed into his cell for one-half hour. Claimant offered Claimant's Exhibit No. 2, which was admitted into the record without objection by Respondent. The exhibit is a written statement purportedly signed by Correctional Officer Greenwald, Badge No. 20, stating that the signatory witnessed Cell No. 2A-04, and the property in the cell, being flooded from a leak from the roof on April 18, 1990.

Claimant's claim for damages to his personal property is detailed as follows:

$   150.00  for a Pioneer stereo receiver
    210.00  for a Panasonic color television
     70.00  for a Realistic cassette tape player
    100.00  for a Technics turntable
  1,000.00  for transcripts of prior legal proceedings
$1,530.00  Total

Claimant offered four documents into the record as Claimant's Group Exhibit No. 3, which was admitted without objection. The exhibit contains four personal property permits: for a Panasonic color TV, a Pioneer stereo receiver, a Realistic cassette deck, and a Technics turntable.

The sums claimed for the property were estimated by Claimant. He arrived at the estimates by setting the value below the original purchase price. He was unsure what the cost would be to replace the transcripts. There were 1,546 pages of court transcripts. On cross-examination, Claimant stated that all of the property could have been repaired for $100. He could not afford the repairs. The property sat in his cell until it rusted. He gave the turntable and cassette deck to his wife. No receipts or other documents stating value or cost were provided. Claimant stated that he purchased the items from the commissary. He purchased the television for $259 over a year before the incident. He purchased the stereo for $220 in 1987.

The stereo equipment and the television were 2½ to 3 feet off the floor on top of a desk. The water dropped from the ceiling onto the property. The water on the floor was 1½ to 2 inches deep.

There were four additional documents that were attached to the complaint and these were offered into the record by Respondent as part of a larger group exhibit. The group exhibit was withdrawn after it was indicated that the four documents were part of the record by virtue of their attachment to the complaint. The four documents are as follows:

1. Formal inmate grievance dated April 18, 1990;
2. Institutional Grievance Board decision dated June 7, 1990.

3. Administrative Review Board Committed Person's Grievance Form dated June 15, 1990; and
4. Letter of decision to Claimant dated June 26, 1990.

The June 7, 1990, decision of the Institutional Grievance Board includes a statement that Correctional Officer Greenwald told the Board the property in question was damaged from a leak caused by another inmate. The Board found that the flooding was caused by another inmate and concluded that staff negligence was not involved and the grievance had no substance.

The June 26, 1990, decision of the Administrative Review Board denied the Claimant's grievance. The Board indicated that, "there is not sufficient evidence or documentation that the Stateville administrative and/or staff was negligent." While these documents were part of the record, they were not evidence in the case as the State failed to properly file a departmental report (74 Ill. Adm. Code 790.140). Claimant testified that the cell above him was not occupied.

Claimant cites *Newsome v. State* (1986), 38 Ill. Ct. Cl. 299, in support of his claim. In *Newsome*, the claimant's toilet overflowed and destroyed his trial transcript and the Court ordered an award. There was no evidence presented by respondent of another inmate causing the flooding and the Court was of the opinion that Newsome's loss was occasioned by the facilities of respondent and their failure to maintain their equipment. The management of the plumbing facilities in the cells housing inmates of facilities of the Department of Corrections is clearly the responsibility of the State of Illinois. (*Wassinger v. State* (1988), 41 Ill. Ct. Cl. 68.) Furthermore, when damages have been caused by something under the management of the Respondent and the dam-

ages are such that, in the ordinary course of events, the damage would not have happened if Respondent had exercised proper care, the incident itself affords reasonable evidence, in the absence of an explanation that the damages arose out of the Respondent's want of due care. *Childress v. State* (1985), 37 Ill. Ct. Cl. 269.

It is clear in this case that Claimant did nothing to cause the damage to his own property. It is also clear Claimant brought the defective condition of the leaking water to the attention of Respondent and it took Respondent a half an hour to stop the leak and another half an hour to give Claimant a mop to try to clean up the water in his cell. Claimant was told that the cell above him was unoccupied. Respondent's attempted use of the Administrative Review Board decision as an explanation is insufficient. Respondent is therefore liable for damages proven by Claimant from the leaking water. The Claimant has the burden of proving his damages and absent such proof, no award may be entered. *Harris v State* (1989), 41 Ill. Ct. Cl. 184.

In this cause, Claimant presented no evidence as to the cost of the transcript. His claim for $1,000 was nothing more than a guess. Claimant presented no receipts or cancelled checks for the other items of personal property. His values for the stereo and panasonic television, while based on when they were purchased and the purchase price, were admittedly estimates by Claimant. The most credible evidence presented by Claimant was that everything could have been repaired for $100.

Accordingly, it is hereby ordered that the Claimant be, and hereby is, awarded the sum of $100 in full and final satisfaction of this claim.