(No. 95-CC-1975—

EDWARD DYE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 1, 1995.*
*Order on petition for rehearing filed May 17, 1996.*

EDWARD D. DYE, *pro se*, for Claimant.

JIM RYAN, Attorney General (NUVIAH SHIRAZI, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This is a claim for personal injury pursuant to section 8(c) of the Illinois Court of Claims Act. (705 ILCS 505/8(c).) Claimant, Edward Dye, has alleged that he was injured as a result of being deprived of his diabetic diet from September 6 to September 16, 1994, while the Centralia Correctional Center was on lockdown.

Claimant, an inmate with the Illinois Department of Corrections, contends that he was suffering from an abnormally high blood sugar level. He claims that he has suffered irreversible injuries to his eyes, kidneys, liver and cardiovascular system.

At the trial before the Commissioner on May 4, 1995, Claimant testified that he filed a grievance with the Illinois Department of Corrections, which has since promulgated a procedure for supplying inmates with diabetic diets while institutions are on lockdown. In this Court, Claimant seeks monetary compensation for the 30 diabetic meals he alleges he did not receive. The Department of Corrections refused to award Claimant compensation. Claimant also testified that his eyes and kidneys have deteriorated.

On cross-examination, Claimant stated that during the lockdown he ate items he purchased at the commissary, including potato chips. He admitted to purchasing items such as candy bars, cookies, pies and summer sausage, but stated that he purchased those items for someone else.

During the hearing, the Respondent called Harold Cotten, health care unit administrator, who testified that during October, 1994, Claimant failed to pick up many of his diabetic meals and had complained about the diet. Mr. Cotten stated that on November 4, 1994, Claimant was

taken off of the diabetic diet because he failed to comply with the program by refusing to pick up his diabetic meals. Claimant was put back on the diet on December 1, 1994, and has recently been complying with the diet.

Respondent also called Donna Bassett, an accountant with the Illinois Department of Corrections, who testified to the commissary slips denoting food items Claimant purchased as described heretofore.

In addition to his testimony, Claimant submitted a memorandum opinion and ordered entered by the Honorable George M. Marovich on March 10, 1995, in the United States District Court for the Northern District of Illinois, Eastern Division, in the case of *Edward Dye v. Michael F. Sheahan, J. W. Fairman and Szabo Correctional Services*, cause number 93-C-6645. The opinion notes that taking diabetics off of their medically-prescribed diets, and denying a diabetic prisoner a special diet may have violated the eighth amendment.

Claimant contends that he is entitled to $30,000 in damages for injuries he suffered to his eyes, kidneys, liver and cardiovascular system as a result of Respondent's gross negligence in failing to provide him with a diabetic diet for ten days in September, 1994.

Claimant testified that on September 6, 1994, to September 16, 1994, the institution was on lockdown. Claimant is diabetic. Claimant has a prescription for a diabetic diet. During the lockdown, diabetic prisoners were not served their diabetic diets. Claimant, in his institutional grievance, sought monetary damages for the 30 diabetic meals he did not receive. Claimant testified he has had to live on commissary items he purchased at the inmate commissary. Claimant testified his diabetes is now completely out of control. Claimant sought payment for

the approximately 30 dietary meals he did not receive. The Institutional Board affirmed the grievance in regard to the failure to provide dietary meals during lockdown but denied the monetary compensation request.

The Claimant testified that as a result of not receiving his diet food, he ended up in the hospital. Only normal meals were served during the lockdown. As a result of Claimant's grievance, a uniform procedure was established to ensure dietary meals to those prisoners requiring such meals. Claimant further testified he was hospitalized on the 16th of September. He was sent back to the unit that day. Three days later a lab test was done which indicated his glucose was running well over 200. Claimant testified he had frequent urination, headaches and nausea. He felt his whole system was out of whack for ten days. Claimant feels he has suffered "all sorts of damage" to his eyes and kidneys.

Claimant did not call any medical expert witnesses to testify concerning his medical condition. The transcript does show that Claimant's medical records indicate that on September 16th he came into the medical unit for a blood sugar test. Claimant apparently denied any complaints at that time. No acute distress was noted.

In order to sustain a negligence claim against Respondent, Claimant must show Respondent had a duty, that the duty was breached, and that the breach was the proximate cause of Claimant's injuries. Claimant must also prove his damages.

This Court has held that the State owes a duty to provide inmates with reasonable medical care. (*Bynum v. State* (1992), 44 Ill. Ct. Cl. 1.) Respondent did breach its duty by failing to provide Claimant with diabetic meals from September 6 through September 16 of 1994. Claimant was to have a diabetic diet. Respondent failed to provide this diabetic with his medically-prescribed diet while

the institution was on lockdown. Respondent has admitted this and has since modified its procedures so that diabetic inmates are provided with proper meals during lockdowns. The State was negligent.

The inquiry does not end here, however. Claimant must prove this breach of Respondent's duty was the proximate cause of his injury and what those damages are by a preponderance of the evidence. (*Harris v. State* (1989), 41 Ill. Ct. Cl. 184.) The Claimant has failed to prove the value of the meals for which he was deprived and presented no evidence in that regard. The Claimant has further failed to produce any evidence to show that there has been any irreversible damage to his eyes, kidneys, liver or cardiovascular system. A mere statement that these injuries occurred is insufficient. Claimant failed to produce expert testimony or even produce medical reports reflecting such injuries. This Court requires expert testimony to prove claims of insufficient medical care. Claims that the State provided inadequate and improper medical attention and care are allegations of medical malpractice and must be proven by expert testimony. (*Woods v. State* (1985), 38 Ill. Ct. Cl. 9; *Arterburn v. State* (1990), 43 Ill. Ct. Cl. 246.) While we find the State failed to provide the ordered diet foods during the lockdown, we cannot find Claimant was damaged without expert testimony which Claimant failed to provide.

For the foregoing reasons, it is the order of this Court that Claimant's claim be and hereby is denied.

## ORDER

FREDERICK, J.

This cause comes before the Court on Claimant's petition for rehearing, and the Court having reviewed the

opinion and the pleadings, and the Court being fully advised in the premises, wherefore, the Court finds:

1. That this case was tried before the Commissioner of the Court on May 4, 1995.

2. That Claimant had a fair opportunity to present his case.

3. That Claimant failed to prove damages by a preponderance of the evidence.

4. That Claimant had the burden of proving his damages. *Jackson v. State* (1992), 45 Ill. Ct. Cl. 314.

5. That absent proof of damages, no award may be entered by the Court. *Harris v. State* (1989), 41 Ill. Ct. Cl. 184.

6. That an award may not be based on conjecture. *Walter v. State* (1989), 42 Ill. Ct. Cl. 1.

7. That the Court's November 1, 1995, opinion was the correct resolution of this case as Claimant failed to prove his damages by a preponderance of the evidence.

8. There is no competent evidence before the Court that Claimant suffered injuries to his eyes, kidneys, liver and cardiovascular system.

9. That there is no competent evidence before the Court regarding the value of the meals.

10. Claimant cites the cause of *Bynum v. State* (1992), 44 Ill. Ct. Cl. 1, in support of his petition for rehearing. In *Bynum, supra,* the Claimant presented the expert medical testimony of Dr. Michael Gonzales. Dr. Gonzales testified that the Respondent failed to provide the special care which a paraplegic patient would need in order to prevent pressure sores; that Claimant was given the wrong size colostomy bags, the colostomy did not adhere;

that the medical care Respondent provided Claimant did not meet the standard of care; that Claimant did not receive the physical therapy he required; and *but for the inadequate treatment Respondent provided Claimant "he would be able to walk today."* (Emphasis added.)

11. That Nathaniel Bynum proved his damages by a preponderance of evidence by competent medical testimony.

12. Claimant herein has failed to prove his damages by a preponderance of the evidence by competent medical evidence. The Court cannot speculate as to whether Claimant has suffered injuries to his eyes, kidneys, liver and cardiovascular system.

13. That Claimant's request for the Court to accept "known facts" does not satisfy Claimant's burden of proof.

For the foregoing reasons, it is the order of the Court that Claimant's petition for rehearing be and hereby is denied.