(No. 91-CC-2119- )

Winston L. M. Senor, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed January 16, 1997.*

Winston L. M. Senor, *pro se*, for Claimant.

Jim Ryan, Attorney General (Julie A. Smith, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

In this claim it is alleged that the Respondent negligently took $300 from the Claimant's trust fund account at the Menard Correctional Center due to the forgery of an unknown inmate and sent the money to a third party without the Claimant's permission.

The Claimant filed a grievance with the Menard Correctional Center Institutional Inquiry Board, which found that the Department of Corrections failed to investigate the Claimant's complaint; that the Board would assume the money was disbursed due to staff negligence; and that the Board would recommend that the Claimant be reimbursed in the amount of $300. Warden James H. Theiret concurred. However, the tort claims coordinator for the Department declined to approve the reimbursement because the coordinator found that the Claimant

failed to substantiate that the loss was the result of direct staff negligence. Department personnel later recommended that the Claimant pursue his claim in the Court of Claims.

A hearing was held by the Commissioner on May 7, 1996. The evidence presented at the hearing consisted of testimony from the Claimant and testimony from Christine Bowles, Trust Office Supervisor at the Menard Correctional Center. The Claimant waived the filing of a brief. The Respondent filed a brief on July 15, 1996.

The facts of this case are not disputed. An unknown inmate, using the Claimant's name, filled out a voucher requesting the transfer of $300 from the Claimant's trust fund account to an individual identified as Katie Granberry. The amount was deducted from the Claimant's account. About a week later, when the Claimant went to the commissary, he discovered that the money was taken from his trust account. The Claimant attempted to reach Katie Granberry via letter, but received no response. The identity of the inmate who forged the Claimant's name has never been learned. Christine Bowles, the Trust Office Supervisor, testified that the system in place at that time for verifying vouchers was "really pretty poor."

Section 25 of the Court of Claims Act requires that, before a Claimant may file a claim, he shall exhaust all other remedies and sources of recovery whether administrative or judicial. (705 ILCS 505/25.) The Respondent's only argument is that the Claimant failed to exhaust his remedies in compliance with the Act.

It is the finding of this court that the Claimant did exhaust his remedies. The Respondent argues that the Claimant failed to exhaust his remedies by failing to sue Katie Granberry. As authority for this proposition, the

Respondent cites *Doe v. State* (1991), 43 Ill. Ct. Cl. 172, in which this court granted a motion to dismiss the complaint of a patient of a State mental health facility who was assaulted by another patient because the Claimant failed to sue the other patient. *Doe* is inapposite to the case at bar. The Claimant in *Doe* was able to identify the party who committed the tort, leaving no bar to a suit against that party. In the instant case, the tort feasor was not Katie Granberry. She may have received the money, but she did not forge the Claimant's name and defraud the Claimant and the Department. Because the identity of the tort feasor is unknown, the Claimant is unable to pursue a legal or equitable remedy against the tort feasor. Furthermore, the Claimant did attempt to investigate the forgery by attempting to contact Katie Granberry.

Although the Respondent does not argue directly that the Claimant failed to exhaust his administrative remedies within the Department, it does cite a case as authority or such an argument. The Respondent cites *Watkins v. State* (1992), 45 Ill. Ct. Cl. 203. The underlying facts in *Watkins* are similar to the case at bar. However, the Claimant in *Watkins* failed to appeal an adverse ruling by the Institutional Inquiry Board. Here, the Claimant received a favorable ruling from the Board and from the warden, which the tort claim coordinator declined to approve. The Claimant was then advised by departmental personnel that his next step was to file a complaint with this Court. These facts make the instant case distinguishable from *Watkins*.

Turning to the substantive issues of the complaint, this Court has held that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property. (*Harris v. State* (1994), 46 Ill. Ct. Cl. 190; *Gammons v.*

*State* (1981), 35 Ill. Ct. Cl. 271; *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1.) Furthermore, the loss of bailed property while in the possession of a bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. *Harris v. State* (1994), 46 Ill. Ct. Cl. at 193.

In the instant case, the Claimant has shown that the Respondent was in actual physical possession of his property—the $300 in the trust fund account. Therefore, there is a presumption of negligence by the Respondent unless the Respondent rebuts this presumption by evidence of due care. The Respondent did not offer evidence to rebut the presumption. In fact, Christine Bowles, the Trust Office Supervisor, testified that the system was "really pretty poor."

It is therefore ordered that the Claimant is awarded $300 in full and complete satisfaction of this claim.