(No. 93-CC-0521—)

ALI HASSEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1997.*

ALI HASSEN, *pro se*, for Claimant.

JIM RYAN, Attorney General (DIANN K. MARSALEK and JENNIFER LINK, Assistant Attorneys General, of counsel), for Respondent.

OPINION

MITCHELL, J.

Claimant is an inmate with the Illinois Department of Corrections who was incarcerated at Dixon Correctional Center in Dixon, Illinois, at all times relevant to his claim. In 1985, five years prior to his incarceration, Claimant was first diagnosed as having asthma. Since that time, Claimant has received periodic treatments for asthma.

In his complaint and at a hearing conducted by a commissioner of this court, Claimant alleged that on September 26, 1991, he suffered an asthma attack while in the hallway near the prison library. Claimant left the building without a pass and waled toward the prison health care unit, apparently quite a distance from the library. On his way to the health care unit, Claimant was detained by correctional officers and questioned about where he was going and his authority to be going there. Claimant alleges that 12 minutes after he left the library, two additional officers, Lieutenant Burge and Captain Dempsey, detained Claimant and questioned him as to where he was going. These officers gave Claimant several direct orders to stop, and Claimant did eventually stop. After a brief exchange with those two officers, Claimant alleges that he was driven to the Health Care Unit in a vehicle used by prison staff, treated, and sent back to his housing unit.

Claimant testified that he attempted to tell the officers where he was going and did not use offensive language. Witnesses for the Respondent testified that Claimant was evasive with his answers and used offensive

language. The following day, Claimant was given disciplinary reports for, among other things, unauthorized movement and insolence. These reports were heard at an adjustment committee hearing where Claimant was found guilty and disciplined with two weeks' loss of library and commissary privileges.

At the hearing before a commissioner of this Court, Respondent produced witnesses who testified that the Claimant left the library without a pass and without authorization. Claimant disagreed with the witnesses presented by Respondent about the necessity of a pass or authorization in emergent situations, such as an asthma attack, and disagreed about Claimant's use of offensive language.

The jurisdiction of this Court is limited by statute as found in section 8 of the Court of Claims Act. (705 ILCS 505/8.) The decision to require inmates to move between buildings only after obtaining a pass or receiving permission is within the administrative discretion of Dixon Correctional Center. Complaints challenging this administrative discretion fail to state a claim upon which relief can be granted by this Court. *Holmes v. State* (1978), 32 Ill. Ct. Cl. 275.

Furthermore, Claimant has failed to show that he suffered any measurable damage as a result of the enforcement of this policy. The Claimant has the burden of proving his damages and in the absence of such proof, no award may be entered. (*Harris v. State* (1989), 41 Ill. Ct. Cl. 184; *Jackson v. State* (1992), 45 Ill. Ct. Cl. 314.) Claimant has not alleged, let alone proven, that he received inadequate medical treatment or that the brief detentions by prison staff caused him harm in any measurable manner.

Accordingly, it is hereby ordered that Claimant's claim be, and hereby is, denied and this case be closed.