(No. 98-CC-0601–

GREGORY AGNEW, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 31, 2000.*

GREGORY AGNEW, *pro se.*

JIM E. RYAN, Attorney General (MARK E. MCCULLOUGH, Assistant Attorney General, of counsel), for Respondent.

## ORDER

EPSTEIN, J.

Claimant, Gregory Agnew, an inmate of the Illinois Department of Corrections (IDOC), brought this claim seeking $80 in damages for lost personal property, which he alleges he suffered due to the negligence of IDOC.

This case is before us after trial before our Commissioner, Nancy W. Owen, and is now before us on the complaint of Gregory Agnew, the trial record, and the Commissioner's recommendation.

The Claimant alleges that on November 16, 1996, he was an inmate at the Stateville Correctional Center when flooding occurred in his cell resulting in the destruction of his personal items consisting of an antenna, an Irish Spring soap, hair treatment, and Heritage lotion, allegedly worth $80. He testified that when he returned from a meal, IDOC officers informed him that the plumbing was flooding in his cell and that he would have to stay out while they made repairs.

There was no evidence presented as to the cause of the plumbing leak, other than that it apparently occurred in the plumbing chase behind Claimant's cell. There was no evidence that the Claimant or other inmates had anything to do with causing the leak.

The Court has held that the State is responsible for damage caused by flooding in the absence of evidence that an inmate caused the flooding. The management of the plumbing facilities in the cells housing inmates of IDOC is clearly the responsibility of IDOC, and this

Court has found that when damage has been caused by something under the Respondent's management and the damages are such that, in the ordinary course of events, they would not have happened if the Respondent had exercised proper care, the incident itself affords reasonable evidence that the damages arose out of the Respondent's want of due care. *Jackson v. State* (1992), 45 Ill. Ct. Cl. 314; *Newsome v. State* (1986), 38 Ill. Ct. Cl. 299.

In this case, there is damage in an IDOC facility under its control that was caused by flooding for which no other explanation has been given. We will, accordingly, find Respondent liable for the consequential damages.

The Claimant, of course, has the burden of proving his damages. Evidence was presented that there was some damage to commissary items from the flooding. The question is one of the amount of damage suffered. Claimant's claim that he had not used any of the items for the two months before the flood lacks credibility, as does his valuation which appears excessive. Nevertheless, there plainly were items damaged by the flood waters.

## Conclusion

For the reasons set forth above, the Court finds liability against the Respondent for damage to Claimant's property in the amount of $30.

Accordingly, it is hereby ordered that Claimant Gregory Agnew be awarded the sum of $30 in full and complete satisfaction of this claim.