(No. 96-CC-2801–

DOUGLAS KEITH WHITE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed August 28, 1996.*

*Order on Petition for Rehearing filed January 24, 1997.*

DOUGLAS KEITH WHITE, *pro se*, for Claimant.

JIM RYAN, Attorney General (DONALD S. MCLAUGHLIN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause coming to be heard on Respondent's motion to dismiss, due notice having been given and the Court being fully advised in the premises, the Court makes the following findings:

On March 15, 1995, while Claimant was an inmate at Stateville Correctional Center, the Adjustment Committee found him guilty of possessing a homemade knife

in the toilet of his cell on March 10, 1995. According to his complaint, Claimant was given two (2) consecutive months of confinement in Stateville Correctional Center's Disciplinary Segregation Unit; three (3) consecutive months of commissary denial and audio/visual denial, and approximately six (6) months of B-grade and demotion to C-grade for 6 months.

Claimant alleges on March 15, 1996, Stateville Correctional Center employees refused to examine evidence material to his defense at the prison disciplinary hearing finding him guilty of possessing a homemade knife in the toilet of his cell. In count III, Claimant alleges Stateville employees failed to conduct an investigation of Plaintiff's material defense. In count IV, Claimant alleges Stateville employees failed to examine material witnesses and other evidence he requested them to examine at an April 10, 1995, rehearing. He alleges he was not afforded any written or other decision of the rehearing despite numerous requests. In count V Claimant alleges he was not afforded any opportunity to attend a fourth disciplinary hearing or know of its contents. Also, Claimant alleges Stateville employee, Shirley J. Muhammed, acted as a trier of fact at the fourth disciplinary hearing despite never being a member of the panel which heard the disciplinary report or heard Claimant articulate his defense to the disciplinary report.

Claimant claims the above allegations violated his right to due process of law secured by the Illinois and United States Constitution and sections 504.80(f)(1) and (2) and 504.80(g)(i) of Title 20 of the Illinois Administrative Code (1995). Title 20 requires that Illinois Department of Corrections inmates be allowed to produce relevant documents in their defense at prison disciplinary hearings and that I.D.O.C. employees consider all material presented at such hearings that is relevant to whether the inmate being tried committed the charged offense.

Claimant alleges that as a result he suffered mental and emotional pain. Claimant seeks from the Respondent the sum of $10,000.

The Court of Claims does not have jurisdiction to review the disciplinary and administrative policies and decisions of the Illinois Department of Corrections. The disciplinary procedures that Stateville Correctional facility has in place and their application to the Claimant in this case are matters within the administrative discretion of the facility. The Court of Claims does not have the authority to interfere in a matter of administrative discretion of the institution. The Court of Claims does not have jurisdiction to consider such a claim. See *Holmes v. State*, 32 C.C.R. 275, *Brady v. State*, 32 C.C.R. 240-241. See also: *Fedder v. State*, 40 C.C.R. 201, 203.

It is hereby ordered that Claimant's action be dismissed with prejudice.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Claimant's petition for rehearing *en banc*, the Court being fully advised in the premises, the Court finds:

The petition for rehearing *en banc* should be denied. It is therefore ordered that the Claimant's petition for rehearing *en banc* is denied.