(No. 00-CC-0928–

ELLEAN NANCE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 2, 2001.*

ELLEAN NANCE, *pro se.*

JIM RYAN, Attorney General (MICHAEL ROCKS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

EPSTEIN, J.

Claimant Ellean Nance's complaint against the Respondent's Department of Corrections ("IDOC") seeks compensation for having spent 15 days in segregation at the Stateville Correctional Center ("Stateville") for a disciplinary charge that was later expunged. This claim is before the Court on the Respondent's motion to dismiss the complaint and the record of the hearing before our Commissioner. The Claimant filed a reply to the motion to dismiss.

### The Motion to Dismiss

On November 21, 1997, a disciplinary ticket was issued to Claimant for his failure to provide a urine sample

for drug testing at the request of IDOC staff. On November 26, 1997, the Adjustment Committee found him guilty and imposed discipline comprised of loss of 15 days of good time, segregation for 15 days, a three-month demotion to C-grade and three-month loss of commissary privileges.

Respondent asserts that Claimant is seeking to have IDOC disciplinary action reviewed by the Court. Respondent cites *White v. State* (1997), 49 Ill. Ct. Cl. 187, for the proposition that the Court lacks jurisdiction to review IDOC's disciplinary and administrative policies. *White* stated that the disciplinary procedures at Stateville and their application to *White* are within the administrative discretion of IDOC, which is customarily exercised by the facility warden and staff. *Id.*, at 189.

Claimant alleges that he went through the grievance procedures after the Adjustment Committee decision of November 26, 1997, which found him guilty of the charges included in the disciplinary ticket. On May 13, 1998, the IDOC Administrative Review Board (the "ARB") recommended that the disciplinary report be expunged and the three months C-grade be deleted.

Claimant now seeks to recover damages he allegedly suffered while wrongfully in segregation, imposed by the Adjustment Committee's decision, prior to the partial reversal by the ARB. On the facts alleged in the complaint, we must deny the motion to dismiss, and proceed to the merits on the evidence adduced at the hearing before our Commissioner.

### The Facts

At the hearing, Claimant testified that he received a disciplinary ticket for not providing a urine sample, although he was refused a drink of water and given only five

minutes to comply to the order to submit a sample, which he could not do. When the segregation discipline order was later expunged by the ARB, he had already served the 15-day segregation punishment. In recommending that the disciplinary report be expunged, the ARB decision states that, "[t]here is no information to indicate the inmate refused the order only that he could not provide the specimen and there is no indication that the appropriate amount of time was allowed for the inmate to provide a specimen." The IDOC Director concurred with the ARB recommendation.

Claimant requested $1,500, an amount equal to $100 per day, as compensation for wrongfully putting him in segregation. Apparently, an inmate is moved in shackles when he is held in segregation. Claimant stated that he suffered emotional distress and mental anguish, in part because his family did not want to visit him during this time due to their dislike of seeing him in shackles. A letter from his father was offered as evidence of this portion of his claim.

Claimant arrived at the $100 amount because it was within the range of sums awarded by Federal courts for wrongfully confining prisoners to "Seg" time. Claimant cites the following cases in support of this proposition: *Larkin v. Oswald* (1975), 510 F. 2d 583 ($1,000 awarded for 12 days in segregation); *Smith v. Ade* (1983), 461 U.S. 30; *Clarron v. Medium Security Institution* [cite and date omitted] ($600 award for six days in segregation); *Maxwell v. Mason* (1981), 668 L. Ed. 361 ($1,400 award for fourteen days in "strip cell"); *Crystal v. Ramsder* [date omitted], 635 F. 12d 595 ($85 per day awarded for wrongful confinement in segregation); and *Patterson v. Coughlin* [date omitted] 205 F. 2d 564 ($100 per day awarded for 53 days in solitary confinement).

## The Law

The jurisdiction of this Court is limited to those claims we are granted authority to "hear and determine" by section 8 of the Court of Claims Act. (705 ILCS 505/8.) The decision to impose discipline is within the administrative discretion of the IDOC. Complaints challenging an administrative discretion fail to state a claim upon which relief can be granted by this Court. (*Hassen v. State* (1997), 49 Ill. Ct. Cl. 134 (discipline for unauthorized movement); *Holmes v. State* (1978), 32 Ill. Ct. Cl. 275 (improperly deprived of television).) In *White*, the Court held that it does not have jurisdiction to review disciplinary and administrative actions by IDOC. 49 Ill. Ct. Cl. 187.

In this case, however, the Claimant does not attack the disciplinary procedures that were applied to him, nor does he attack the merits of a disciplinary decision. Instead, he followed the prescribed internal IDOC process for appealing his disciplinary action, and now seeks to obtain redress for punishment wrongfully imposed on him under the original disciplinary judgment that was reversed by higher IDOC authorities. This claim does not ask this Court to review IDOC discipline; instead it asks us to enforce the final IDOC decision by redressing the premature punishment that was imposed without waiting for the ARB's appeal decision.

In his Committed Person's Grievance Report, Claimant requested the DOC "revoke" the disciplinary action and pay him for his "segregation time or pay $50,000 restitution for violation of my State and Federal constitutional rights, punitive damages [unreadable]." The requested monetary relief was not addressed by the ARB or the Director. There is no indication that Claimant specifically requested it in any communication to the ARB. The minutes of the ARB meeting reference an interview with Claimant

and a thorough review of his Master Record File, therefore it is presumed that the ARB was aware of the initial request for monetary relief, at a minimum. The ARB chose not to make an award to Claimant when it expunged the disciplinary report.

The record does not include any reference or allegations as to IDOC rules or practices when a disciplinary report is expunged. The record is silent whether IDOC is subject to any statute, rule or regulation that requires or permits compensation under the circumstances presented here. There is nothing in the record to explain the meaning of "expunged" or the ramifications of the expungement. In *Black's Law Dictionary*, "expunged" has the following definition:

"* * * to destroy or obliterate; it implies not a legal act, but a physical annihilation. To blot out; to efface designedly; to obliterate; to strike out wholly. [Citations omitted.]"

A decision by the Director to expunge a disciplinary report is an administrative or disciplinary decision wholly within the discretion of IDOC. On this record, the Court cannot ascertain if the ARB decision was a reversal on the merits, or a discretionary determination. In this Court, claimants have the burden to prove by a preponderance of the evidence that the State breached a duty (or violated an administrative rule) and that such breach or violation proximately resulted in damage to Claimant. The record is insufficient at this point to determine whether Respondent breached a duty or violated a rule so as to cause damage to Claimant.

This Court does not have the authority to impose punitive damages against Respondent, or to redress violations of Federal constitutional rights, over which we lack jurisdiction. Absent a showing that DOC disregarded a rule by not awarding monetary damages to Claimant

when it expunged the disciplinary report, or that its decision or extrinsic evidence demonstrates that the original, expunged decision violated Claimant's rights, the Court can not make an award. The Adjustment Committee found the evidence supported discipline and the ARB and the Director found the evidence did not warrant discipline. That difference in judgment does not establish that the original decision was illegal or wrongful or even an abuse of discretion. There is thus no basis shown for liability.

The record also falls far short of supporting, much less commanding, an award for emotional distress or mental anguish. Although the loss of various privileges are alleged by Claimant, *e.g.* law library, access to court, religious services, daily exercise, reading books of choice, and needless degradation is claimed, the Claimant did not establish nor offer evidence of any specific facts that could support his claim of damages suffered due to the loss of these privileges or the alleged degradation. There is no competent evidence of actual damages.

Claimant has not met his burden to show a breach of duty by Respondent or actual consequential damages suffered by him.

For all of these reasons, this claim is denied and forever barred.